Davis, Adm'r, *v.* Marshall.

JAMES DAVIS, *Administrator of* JOHN MARSHALL, *v.* ALBA MARSHALL.

*Statute of Limitations. Construction.*

Under the second clause of § 15, ch. 63, G. S., the time of the debtors *residence* out of the State, is deducted in computing the period of the statute of limitations, although he was absent from and resided out of the State when the cause of action accrued.

Construction given to § 15, ch. 63, G. S.

ASSUMPSIT on a promissory note executed to the plaintiff's intestate by the defendant, at Troy, in the State of New York, for seven hundred dollars, dated September 30th, 1850, and payable one day after date, with interest annually.

Plea, the general issue and the statute of limitations.

Replication, that at the time the cause of action accrued the defendant resided out of the state, and has continued to reside out of the state to the present time, and has not been in this state except several times for transient and temporary purposes, remaining but a very short time on each occasion, and in all less than six years, to wit., six weeks, and that the intestate resided in this state till his death, and the plaintiff has so resided since his appointment, and that the defendant has had no known property within this state which could be attached.

Rejoinder, that though the defendant resided continuously out of the state, yet during all the time after the cause of action accrued he came into the state each year and remained a few days at each time, but not in all amounting to six years, and that this was known to the said John Marshall and to the plaintiff,—to which rejoinder the plaintiff demurred.

The court at the December Term, 1863, BARRETT, J., presiding, rendered judgment *pro forma* that the rejoinder is sufficient, and that the defendant recover his costs. Exceptions by the plaintiff.

*A. P. Hunton,* for the plaintiff.

1st. The defendant did not so come into the state that the statute commenced to run. *Russ* v. *Fay,* 29 Vt. 381.

2d. If he did so he was not here six years. *Hall* v. *Nasmith,* 28 Vt. 791.

Davis, Adm'r, *v.* Marshall.

*D. C. Denison*, for the defendant.

The two clauses of the statute are separate, distinct and independent.

This case comes under the first clause, and the statute having begun to run on the defendant's coming into the state, there is no provision for future absences interrupting it. *Mazozon et al.* v. *Foot*, 1 Aik. 282 ; *Hill* v. *Bellows*, 15 Vt. 727.

In *Russ* v. *Fay*, 29 Vt. 381, a case arising under the first clause, the court lost sight of the distinction between the two clauses, and decided it upon a principle applicable only to the second, viz., that the defendant had property liable to attachment within this state.

PECK, J. The question presented and discussed arises upon the construction of § 15, p. 443, G. S., on the subject of limitation of actions. That section, so far as the question arising upon the pleadings is concerned, is the same as § 14, C. S., p. 379, and § 14, p. 306, R. S., and which has been in force ever since 1839. The defendant claims that the first provision in that section applies exclusively to cases where the debtor is out of the state at the time the cause of action accrues ; and that the subsequent part of the section providing for deducting the time of the debtor's absence from the state in computing the period of the statute of limitations, applies exclusively to cases where the debtor is in the state when the right of action accrues, and leaves the state afterwards before the statute has run ; and hence that the provision that " the time of his absence shall not be computed as any part of the time limited," is not applicable to this case. The part on which defendant relies is as follows : " If at the time when any cause of action of a personal nature mentioned in this chapter shall accrue against any person, he shall be out of the state, the action may be commenced within the time herein limited therefor, after such person shall come into the state." If this were the only and the whole provision on the subject of absent debtors, then, as the defendant claims, the coming into the state with the knowledge of the creditor as alleged, would put the statute in operation, and the subsequent absence of the debtor from the state would not arrest it ; because the provision thus far is substantially that contained in sec. 10 of the act of 1797, (except the clause in the act of 1797 as to the debtor not having known property in the state,) and

such was the construction of that provision in the act of 1797. Slade's St., p. 291, § 10. Such was also the construction of the St. 4 and 5 Ann. c. 16, from which the provision in the act of 1797 was substantially copied, and the construction of statutes in other states copied from that English statute. *Mazozon & Sperry* v. *Foote*, 1 Aik. 282.

The residue of the section in question, being the part mainly relied on by the plaintiff, is, " and if after any cause of action shall have accrued, and before the statute shall have run, the person against whom it shall have accrued shall be absent from and reside out of the state, and shall not have known property within the state, &c., the time of his absence shall not be taken as any part of the time limited for the commencement of the action." This provision in that section extends to the whole period during which the statute can ever run under any circumstances, that is, to the whole time after the cause of action accrues. The statute never begins to run till after the cause of action accrues ; and this provision deducts all the time the debtor shall be absent from and reside out of the state after any cause of action shall have accrued. This language is broad enough to include this case, notwithstanding the debtor was, and resided, out of the state before and when the cause of action accrued. There are are no words in this provision limiting it to cases where the debtor resides in the state when the cause of action accrues. It does not say, if a debtor shall be or reside in the state when the cause of action accrues, and shall afterwards be absent and reside out of the state before the statute shall have run ; nor does it say, if the debtor *shall go* out of the state. The language is, *shall be absent from and reside out of the state* before the statute shall have run. The debtor in this case has none the less been *absent from and resided out of the state after the cause of action accrued*, because he was absent before also. If this were the whole and only provision relating to absent debtors, there can be no doubt but that the language would embrace the case under consideration, and that it should be so interpreted. The fair and legitimate construction of the language would be, that the absence after the cause of action accrued should be deducted without reference to the fact that the debtor was absent also when the cause of action accrued.

But the whole section must be construed together, and the question is, what the true construction is, taking both these provisions which make up the section. It may be asked, as the legislature in terms limited the first branch of the section to cases of absence existing at the time the cause of action accrued, why they did not, if they so intended, use words limiting the subsequent branch of it to cases where the debtor was in' the state when the cause of action accrued.

Previous to the act of 1832, whenever the statute of limitations once commenced to run, it continued to run notwithstanding the debtor's absence from the state without known property in the state. A debtor out of the state when the cause of action accrued might put the statute in operation by coming into the state with the knowledge of the creditor, although he left the state the next day. A debtor residing here. might have left the state the next day after the cause of action accrued. In either case the creditor might be barred, although he had had an opportunity but for a single day to commence suit in this state. To remedy this mischief the act of 1832 was passed. Comp. St. (1834) p. 57. The statute was remedial and ought to be liberally expounded. The construction ought to be such as will make the remedy co-extensive with the mischief, if the language will warrant it. The hardship and injustice to the creditor was the same in a case where the debtor resided out of the state when the cause of action accrued, and set the statute in operation by coming and remaining in the state a day, as where the debtor resided here when the cause of action accrued, and left the state a day after. There is no stronger reason for a remedy in the one case than in the other. The case at bar is within the letter of that act. Until the debtor came into the state and set the statute in operation, it was prevented from operating by the 10th section of the act of 1797; and when the defendant left the state after coming in, he did *"go from this state,"* in the very language of the act of 1832. So that if the act of 1832 is construed to apply only to ₅cases where the debtor shall go from this state after the statute has begun to run, and before the cause of action is barred, this case comes within the language as well as the reason of that act. In the Revision of 1839, the 14th section is made up of the act of 1832 and section 10 of the act of 1797, with a little change in the phraseology. The words

"*shall go from this state,*" are dropped, and the words, "*shall be absent from and reside out of the state,*" substituted. This language as clearly embraces one who is absent when the right of action accrues, as do the words of the act of 1832. Indeed there is more reason to suppose this change of phraseology was to avoid the danger of the construction the defendant contends for, than to suppose it was intended to exclude cases where the debtor was, and resided, out of the state when the cause of action accrued.

But if we give to the first provision of the section in question the same construction that was given to section 10 of the act of 1797, as the defendant claims, still the demand in this case is saved from the operation of the statute. The first provision of the section uses the words, "*shall be* out of the state," and would embrace a case where the debtor was out of the state when the right of action accrued, although he at the same time resided in the state. But the next provision would not embrace such a case, because the language is, "shall be absent from *and reside* out of the state." *Hackett* v. *Kendall,* 23 Vt. 275. So that upon this construction, if the defendant had resided in this state and been in the state temporarily as the pleadings show, the statute would have continued to run from the time he first came into the state to the knowledge of the plaintiff, after the right of action accrued, and the debtor's subsequent absence could not be deducted, as the provision for that purpose does not apply to a debtor who is absent from the state, but residing in the state so that a writ might be served on him by leaving a copy at his usual abode in this state. But as the defendant resided out of the state, he comes within the provision for deducting such absence in computing the period of the statute of limitations. This construction gives effect to both branches of the section of the statute, and applies each to a distinct class of cases. In this view the two provisions are not in conflict. There is no incongruity in saying that, when a debtor is out of the state when the cause of action accrues, the action may be commenced within the time limited by the statute after he comes into the state; but whenever a debtor is not only absent from but also *resides* out of the state, the time of such absence shall not be taken as any part of the time limited for the commencement of the action.

As the defendant's absence was coupled with a residence out of

the state, it comes within the provision for deducting the time of his absence from the state, in computing the period of the statute of limitations, and the fact that he was absent from and resided out of the state when the right of action accrued, does not take it out of that provision.

Judgment reversed and judgment that the defendant's rejoinder is insufficient, and case remanded for trial on the issue of fact joined upon the general issue.