<hr/>

## DAVIS vs. FRANCISCO.

1. The endorser of a negotiable note is not liable by reason of the insolvency of the maker, but, to hold an endorser liable, there must be a demand and notice of non-payment.

2. Where, however, the maker is dead at the time of endorsement, no demand can or need be made.

*Davis* vs. *Francisco.*

## APPEAL from Saline Circuit Court.

CHILTON & BRYAN, *for Appellant.*

HAYDEN, *for Appellee.*

1. Considering the note in the light of an ordinary note, not negotiable, there is evidence in the cause sufficient to show that a suit against the maker would have been unavailing—and in fact, that the necessary diligence was used under all the circumstances, on the part of the plaintiff, to recover the debt sued for. Pocock vs. Blount, 6 Mo. R., 338.

2. But considering the note as a negotiable note, then all the proof, with reference to the insolvency of the maker of it, or with reference to the diligence used to collect the debt by the plaintiff of the maker of the note, was wholly unnecessary; and as the bill of exceptions taken and filed in the cause *does not show* that the evidence therein preserved *was* and *is all the evidence* which was given in the cause, the court will presume, in the absence of proof to the contrary, that the note was duly presented for payment to the maker, and that the defendant was duly notified by Francisco of the non-payment thereof.

3. The Circuit Court decided correctly, not only in permitting the said Francisco, upon the trial of the cause, to prove the time at which said note was endorsed to him by Davis, but also in refusing to give the first instruction to the jury which was moved for by the defendant.

NAPTON, J., *delivered the opinion of the Court.*

This was a suit originally brought before a justice of the peace upon the following instrument:—"63 85.—One day after date, I promise to pay Th. W. Davis or order $63 85, for value received, to bear ten per cent. interest from this date until paid, negotiable and payable without defalcation or discount. Sep. 2, 1844. SAMUEL MILLER. [Seal]"— Upon this note, was the following endorsement: "I assign the within note to A. M. Francisco. Jan. 22, 1845. TH. W. DAVIS."

On the trial in the Circuit Court, where the case had been taken by appeal, it appeared in evidence that this note had been in the possession of Francisco some six or ten months before the endorsement was made, and that the endorsement was ante-dated so as to correspond with the period when Francisco first got possession of the note. It appeared that when this note was endorsed, Miller, the maker, was dead, and his estate totally insolvent. His property was all covered by executions, deeds of trust and other specific liens, and was insufficient to satisfy these liens by about three thousand dollars. Suit was brought against Miller's estate in the County Court immediately after the actual endorsement, but nothing was recovered. It also appeared that Francisco had paid full value for the note.

Instructions were given by the court, which are not preserved in the bill of exceptions. The two instructions which are copied on the record relate to the admissibility of evidence to show the actual date of the endorsement, and the proofs of insolvency. No objection was made to the instruction on the question of insolvency.

The verdict and judgment were for the plaintiff.

The conduct of the parties to this note, before it was put in suit, and the phraseology of the instructions at the trial, seem to show that the note was treated throughout as an ordinary note, *not* negotiable. The note was payable to the payee "or order," and could not be transferred by delivery. The endorsement by Davis was made some fifteen months after the note was due, and after Miller, the maker, was dead and his estate insolvent.

There is no doubt that demand of payment and notice of non-payment are necessary to hold the endorser of a negotiable note responsible. It is well settled, that the insolvency, absence from the State, and perhaps even the bankruptcy of the maker, will not dispense with the necessity of such proof. Even the knowledge by the endorsee of the maker's insolvency at the time of the endorsement, has not been considered as sufficient to exempt the holder from the duty of demand and notice. The reason of the rule is, that, notwithstanding the insolvency of the maker, some portion of the note may still be collected, and if no portion can be at the time of demand collected, the circumstances of the maker may undergo a change, and it is therefore the endorser's interest that his remedy over against the maker shall not be lost by the laches of the endorsee. But the reason of the rule will hardly apply to the peculiar circumstances of the present case. Here the maker was dead at the time of the endorsement, and his death, it may be presumed from the testimony, was well known to the endorser. No demand could be made, except such an one as was made, by presenting the claim to the county court, under the provisions of our administration law. No change of circumstances could take place of which the endorser could avail himself to make the note, as the maker was dead. Of what use, then, would be a demand and notice?

It is probable, from the testimony, that all the parties to this instrument considered it as an ordinary note, not negotiable, and demand and notice were not thought of. This circumstance, it is true, will not warrant this court in dispensing with the rules of law, to accommodate the mistakes or ignorance of those who will deal in this kind of paper. If farmers in the country will handle mercantile paper, without understand-

ing the duties which such paper imposes on the holder, they must abide the consequences. But in the present case, the point of demand and notice was not raised on the trial, so far as the record shows, and if it was, it may have been correctly ruled.

The verdict was for the right party, and I am unwilling to disturb the judgment.

Judge McBride concurring, the judgment is affirmed.

Scott, *Judge.*

The bill was a negotiable one. It is a principle, that a bill endorsed after due, is equivalent to drawing a new bill at sight. A demand and notice were necessary to charge the endorser. McKinney vs. Crawford, 8 Serg. & R., 351; Berry vs. Robinson, 9 Johns., 121; Rugely vs. Davidson, 3 S. C. Con. R., 33. The court was not warranted in giving the instructions which were submitted to the jury. They evidently mistook the law of the case.