PICKLAR v. HARLAN, *Appellant*

**Promissory Note**: LIABILITY UPON INDORSEMENT MADE AFTER DEATH OF MAKER. The indorser of a negotiable promissory note, who becomes such after the maturity of the note, and after the death of the maker, and with knowledge of the death, will be held to his liability as indorser, without demand, protest or notice, if the holder in due time procures the allowance of the note by the probate court against the estate of the maker.

*Appeal from Adair Circuit Court.*—HON. ANDREW ELLISON, Judge.

AFFIRMED.

This was a suit against Harlan as indorser of a negotiable promissory note. The note was made in April, 1871, by Wm. T. Porter, payable one day after date to the order of Harlan. Porter died in June, 1871. In August, 1871, plaintiff received the note from defendant in part payment for a stock of goods, defendant indorsing it with knowl

edge of Porter's death. Plaintiff immediately presented it to Porter's administrator, who did not pay, but waived legal notice, and at the first term of the probate court thereafter plaintiff presented it to the court and obtained an allowance. The estate proving insolvent a part only of the note was paid by the administrator. Plaintiff did not give defendant immediate notice of the failure of the administrator to pay upon presentation.

*James Ellison* for appellant.

*Harrington & Greenwood* for respondent.

NORTON, J.—The question decisive of this case, upon which, by defendant's appeal, we are called upon to pass, is: Can an indorser of a negotiable note, who indorses the same after maturity, and after the death of the maker, with full knowledge of his death, be held responsible to the holder, without demand, protest and notice, the holder having in due time presented the note for allowance against the estate of the maker, which was allowed but not paid because of the insolvency of the estate? An affirmative answer to this question affirms, and a negative answer reverses the judgment. The question has been answered in the affirmative by this court in the case of *Davis v. Francisco*, 11 Mo. 572, where it was held that the indorser of a negotiable note is not liable by reason of the insolvency of the maker, but to hold an indorser liable there must be a demand and notice of non-payment, but that in a case where the maker was dead at the time of indorsement, which fact was known to the indorser, no demand can or need be made other than due presentment of the note for allowance against the maker's estate. We think this case falls within that class of cases where demand and notice are excused " from the entire absence of necessity or utility, because the party who should receive the notice must know the facts as well as the party who should give the notice.

If, for example, A draws on himself payable to himself, and then accepts, and then indorses, a holder need not first demand of him as drawer and then notify him again as indorser.    *    *    This principle is not applied when a person can be proved to have had knowledge of the fact, for it is certain that this is no excuse for want of notice, but when the person must of necessity have knowledge by presumption of law, as when a firm draws upon itself, or a member of the firm draws upon the firm." Parsons on Notes and Bills, 521. The indorser in the case before us knew at the time of the indorsement that the maker was dead, and is presumed to have known that the administrator of his estate could not be required to pay before the end of one year after grant of letters and notice, such being the law of this State as enunciated by this court in the case of *Dullard v. Hardy*, 47 Mo. 403.

We have not been able to find any case where it has been held that when the indorsement was made after the maturity of the note and the death of the maker, which fact was known to the indorser at the time, and where the administrator was not required by law to pay demands of that character before the end of one year, that demand and notice has been required as prerequisites to the liability of the indorser. An indorsement of a negotiable note after maturity is equivalent to drawing a new bill at sight, but this rule can have no application when the maker of the note at the time of such indorsement was dead, which was known to the indorser, for the reason that in every bill there must be a drawer and drawee, as in every deed there must be a grantor and grantee. Such cases as the one in hand are anomalous, and while the obligation of an indorser is that he will pay after due demand, protest and notice thereof, in such a case as the above, where the indorser is presumed to know as a matter of law that the administrator is not required to pay till the expiration of one year after grant of letters, and that a demand would, therefore, be fruitless, we can perceive no reason, as was

said in the case of *Davis v. Francisco, supra,* for notifying him of a fact he is presumed to know. Judgment affirmed, in which all concur.