Jacobs v. Gibson.

L. C. JACOBS, Respondent, v. JOHN GIBSON, Appellant.

Kansas City Court of Appeals, December 5, 1898.

1. **Bills and Notes**: PETITION: ALLEGATION OF NEGOTIABILITY: COPY OF NOTE. Under the doctrine in Hart v. Wire Co., 91 Mo. 419, a petition on a negotiable note must allege that it is expressed on its face to be for value received, and a mere recital in the petition that it is for value received is not sufficient, but where such recital is accompanied by a copy of the note set out bodily in the petition, the petition is good.

2. —— INDORSEMENT: ASSIGNMENT. An indorsement on a note, "for value received I assign," is a sufficient indorsement and does not restrict the liability of the indorser.

3. ——: INDORSEMENT AFTER MATURITY: NOTICE AND PROTEST: WAIVER. The indorsement of a negotiable note after maturity converts it into a new bill at sight, and demand and notice are required unless waived; but an express waiver in the body of the note enters into and becomes a part of the contract of every one who signs the same, whether as maker or indorser.

4. ——: PLEADING: VARIANCE. A petition on a note failing to state the place of payment contained, however, a copy of the note. *Held,* it was no variance.

*Appeal from the Ray Circuit Court.*—HON. E. J. BROADDUS, Judge.

AFFIRMED.

LAVELOCK & KIRKPATRICK and F. P. DIVELBISS for appellant.

(1) The objections of the defendant to the introduction of any evidence under the petition should have been sustained, and likewise the objections of the defendant to the introduction of the note in evidence, for the following reasons: *First,* the petition did not state facts sufficient to constitute a cause of action

against the defendant as indorser. *Second*, it was not alleged in the petition that the note was expressed to be for value received, and, *third*, there was a variance between the note as appeared from the allegation of the petition and the one offered in evidence. R. S. 1889, sec. 733; Jaccard v. Andrews, 32 Mo. 188; Faulkner v. Faulkner, 73 Mo. 327; Hart v. Wire Co., 91 Mo. 414. (2) In many cases a defective averment will be held sufficient after verdict, but where an allegation necessary to authorize a recovery is entirely omitted from the petition, then such defect is not cured and the judgment should be arrested. The objections of the defendant to the sufficiency of the petition were not therefore eliminated by the judgment rendered. Andrews v. Lynch, 27 Mo. 167; Frazer v. Roberts, 32 Mo. 457; Town v. Williams, 53 Mo. 141; Hart v. Wire Co., 91 Mo. 414; Staley v. Wallace, 21 Mo. App. 128; Story v. Ins. Co., 61 Mo. App. 534; Scott v. Ins. Co., 65 Mo. App. 75; Coleman v. Ins. Co., 69 Mo. App. 560. (3) The liability of the indorser of commercial paper is conditional and not absolute. His liability depends wholly on the contract with his immediate indorsee. If it is an indorsement in full, or the written transfer is complete, it is not open to contradiction. The contract of indorsement is a new and independent agreement. 1 Daniels on Neg. Inst. [3 Ed.], sec. 669a, p. 596; Jaccard v. Anderson, 37 Mo. 91; Long v. Dismer, 71 Mo. 452; Faulkner v. Faulkner, 73 Mo. 327; Miller v. Mun. E. L. & P. Co., 133 Mo. 220; Maddox v. Duncan, 45 S. W. Rep. (Mo.) 668; Castrique v. Buttigieg, 10 Moores P. C. Cas. 108. (4) The transfer in this case was evidenced by the writing on the back of the note, dated and signed by the defendant. The note was then long past due and was in fact dishonored paper. The question therefore arises, was this written transfer, in a legal sense, a commercial

indorsement? If not a commercial indorsement, the defendant would not, in any event, be liable in this action. Hailey v. Falconer, 32 Ala. 576; Martin v. McMaster, 14 La. 420; Hatch v. Barrett, 34 Kan. 23; Briggs v. Latham, 36 Kan. 205; Aniba v. Yeomans, 30 Mich. 171.

FARRIS, JENKINS & FARRIS for respondent.

(1) This note was indorsed by appellant, and the form adopted is sufficient to carry with it all the ordinary legal liability of an indorser generally. Daniel' on Neg. Inst. [3 Ed.], secs. 688, 688a, 688b, 688c and 692, loc. cit. (2) An indorsement is not only a transfer of a pre-existing negotiable instrument, but it is itself an original independent contract. It is equivalent to drawing a new bill on the maker; and the term "indorsement" includes also delivery and means that it was indorsed for value. Tiedeman on Com. Paper, sec. 256; Daniel on Neg. Inst. [3 Ed.], secs. 667 and 669 loc. cit. (3) The note sued on and which was indorsed by appellant contains the following express and unequivocal waiver, to wit: "The signers and indorsers each waive demand, notice, and protest of this note and severally agree that the time may be extended without notice." The waiver thus inserted in the body of the note enters into and forms a part of the contract of indorsement and of every one who signs his name to the paper, whether drawer or indorser. Tiedeman on Com. Paper, secs. 363 and 626; Bank v. Ewing, 78 Ky. 266; s. c., 39 Am. Rep. 231; Smith v. Pickham, 28 S. W. Rep. 565; Bryant v. Bank, 8 Bush. 43; Bryant v. Lord, 19 Minn. 397; 2 Daniel on Neg. Inst. [3 Ed.], secs. 1092, 1092a, 1094, 1095, 1095a, 1106. (4) The petition states facts sufficient to constitute a cause of action against the

appellant as indorser. It alleges that the note was made and executed for value received, and instead of simply stating that "the note was expressed to be for value received," it made the note a part of the petition, and also after referring to said note set out a copy in full thereof, so that it could be seen by the court that the note was negotiable and expressed on its face to be for value received. Railway v. Fowler, 113 Mo. 458; Railroad v. Kellogg, 34 Mo. 334; Railroad v. Story, 96 Mo. 611; Cory v. Railroad, 100 Mo. 284; Railroad v. Town Site Co., 103 Mo. 452; Mills on Eminent Domain, sec. 115.

ELLISON, J.—This action is on a promissory note, plaintiff being the indorsee and defendant the indorser thereof. Judgment was rendered for plaintiff in the circuit court. There was objection to any evidence on the ground that the petition did not state a cause of action against defendant as an indorser; in that it did not state facts showing the note to be negotiable; that is, that it did not state that the note was "expressed to be for value received."

Formerly, the operative words, under the statute, to render a note negotiable were for "value received, negotiable and payable without defalcation." R. S. 1855, sec. 15, p. 295. Now the statute only requires that the note shall be payable to a "payee therein named, or order or bearer, and expressed to be for value received." R. S. 1889, sec. 733. It has always been held that the petition on such a note should state facts which show it to be negotiable—that it would not do to merely allege that it was negotiable, which is an allegation of a mere conclusion. Jaccard v. Andrews, 32 Mo. 188; Hart v. Harrison Wire Co., 91 Mo. 414; Simmons v. Belt, 35 Mo. 461; Lindsay v. Parsons, 34

BILLS and notes: petition: allegation of negotiability: copy of note.

Mo. 422; Townsend v. Herr D. G. Co., 85 Mo. 503; Bateson v. Clark, 37 Mo. 31.

The petition in this case alleges that "James Calnen, by his promissory note filed, etc., dated Richmond, Missouri, November 1st, 1893, for value received, promised to pay to defendant or his order one thousand dollars," etc. But for the case of Hart v. Harrison Wire Co., *supra*, we would be of the opinion that the petition properly alleges the note to be negotiable. As we gather the argument of defendant, it is that the foregoing allegation is not an allegation that the note contained the words "for value received." That it is a mere assertion that the note was, in fact, for value received by defendant, but not an assertion that the note so states. This is, perhaps, in a strict sense, true. But yet the allegation is, in all respects, like that in Bateson v. Clark, *supra*, which was held sufficient. It certainly follows, in this respect, the form sent out with the statutes. But, as before stated, under the case of Hart v. Harrison Wire Company, we would be compelled to hold the allegation insufficient were it not for the fact that the petition proceeds to allege "which said note is in words and figures following, to wit:" Setting out the note in *haec verba*, and thus disclosing that the note itself contained the words "value received." Copying the note bodily into the petition, with the allegation that it was a copy, amounted to an allegation that it contained the words in question.

2. It is next contended that the indorsement was not an indorsement according to the law merchant, but rather a mere assignment only, and that, therefore, defendant did not incur the liability of an indorser. The indorsement is as follows: "Jan 4th, 1895, for value received, I assign the within note to Mrs. L. C. Jacobs. John Gibson."

The indorsement, under rules of commercial law,

might have been in blank.   When in blank it carried with it authority in the holder to fill out the indorsement so as to convey the title in express terms.   There is no reason why an indorsement made in full form by the indorser should not hold him as such, as well as if he had made it in blank with the implied authority to the indorsee to fill it out as here written.   While there is some conflict of authority on the question, the more reasonable view is that since the indorser used no words of restriction, he meant to be held as an indorser.   1 Daniels on Neg. Inst., secs. 688b, 688c, 692.   In Davis v. Francisco, 11 Mo. 572, the indorsement was in substantially the same language as found in this note, yet it was treated as a binding indorsement of commercial paper.

3.   Defendant next contends that there was no demand or protest of the note.   The note, as will be observed from the foregoing copy, contains, in the body thereof, the following waiver: "The signers and indorsers each waive demand, notice and protest of this note and severally agree that the time may be extended without notice."

——: indorsement after maturity: notice and protest: waiver.

The note, though negotiable, was indorsed after maturity.   That fact, however, did not destroy its negotiable character.   By the indorsement it became a new bill at sight.   Davis v. Francisco, *supra*.   And required demand and notice unless the words just quoted from the body of the note constituted a waiver.   We entertain no doubt that they constitute such waiver.   Notwithstanding the contract of indorsement is a new and independent contract, yet there is no reason why it can not, as such, include in its terms matter not included in the actual words of the indorsement.   When the waiver of demand, notice and protest is embodied in the note itself, it enters into and becomes a part of the

contract of every one who signs, whether maker or
indorser. Indorsers become parties to the waiver by
becoming parties to the note. 2 Daniel Neg. Inst.,
secs. 1092, 1092a; Tiedeman on Com. Paper, sec. 363.

4. What we have said concerning the note being
set out in full in the petition and averred to be a copy,
will apply to the other objections urged here by
——: pleading: defendant, viz., that there was a variance
variance. between the petition and the note in
evidence, in that (as contended) the note names a
place of payment as "The Banking house of J. S.
Hughes & Co.," while the petition (as is contended)
is silent as to a place of payment. The fact that the
note was truly set out in the petition necessarily pre-
vents a variance when offered in evidence.

We have found no error justifying a disturbance
of the judgment in the trial court and hence affirm it.
All concur.