SAMUEL W. HAYES,  
R. L. WILLIAMS,  
MATTHEW J. KANE,  } Justices.  
JESSE J. DUNN,

---

## MISSOURI-LINCOLN TRUST CO. v. LONG.

No. 1032.   Opinion Filed November 14, 1911.

(120 Pac. 391.)

**BILLS AND NOTES**—Construction—Negotiable Note. A written instrument in the following form is **held** to contain the necessary elements of a negotiable promissory note: "$400.00. Rush Springs, Indian Territory, Nov. 21, 1904. Nov. 1st, 1907, after date, I promise to pay to Steven Brown, or order, at the Bank of Rush Springs, Rush Springs, Indian Territory, for value received, four hundred dollars, with interest at the rate of 8 per cent. per annum from maturity until paid. The makers of this note hereby severally waive presentment for payment, notice of nonpayment, protest, and consent that time for payment may be extended without notice thereof. Given for rent for year 1907, on land leased this day as per contract, and to secure payment of this note a landlord's lien is especially hereby reserved on all crops. [Signed] A. E. Long. P. O., Rush Springs, Indian Territory. Due Nov. 1, 1907."

(Syllabus by the Court.)

*Error from Grady County Court;*
*N. M. Williams, Judge.*

Action by the Missouri-Lincoln Trust Company against A. E. Long. Judgment for defendant, and plaintiff brings error. Reversed and remanded with instructions.

*Bond & Melton,* for plaintiff in error.

*Welborne & McCalla,* for defendant in error.

KANE, J.   This was an action upon a promissory note, executed in the Indian Territory prior to statehood, commenced by the plaintiff in error, plaintiff below, against the defendant in error, defendant below. There was judgment for the defendant, to reverse which this proceeding in error was commenced. It was agreed between counsel in the court below that, if the note sued upon was held to be a negotiable instrument, judgment should be entered for the plaintiff for the amount sued for; and, if it was held to be non-negotiable, judgment was to be entered for the defendant. The note is in words and figures as follows:

"4000.00.   Rush Springs, Indian Territory, Nov. 21, 1904. Nov. 1st, 1907, after date, I promise to pay to Steven Brown, or order, at the Bank of Rush Springs, Rush Springs, Indian, Territory, for value received, four hundred dollars, with interest at the rate of 8 per cent. per annum from maturity until paid. The makers of this note hereby severally waive presentment for payment, notice of non-payment, protest, and consent that time for payment may be extended without notice thereof. Given for rent for the year 1907, on land leased this day as per contract, and to secure payment of this note a landlord's lien is especially hereby reserved on all crops.   [Signed] A. E. Long.   P. O., Rush Springs, Indian Territory.   Due Nov. 1, 1907."

The court below held the note to be non-negotiable, and rendered judgment in pursuance to stipulation of counsel. This we think was error.

Counsel for defendant in error contend, and that was probably the view taken by the court below, that the note is non-negotiable, because the maker "consents that the time for payment may be extended without notice thereof." They argue

that this clause in the note makes the time of payment uncertain, and therefore a necessary element of negotiability is wanting.

Mr. Daniel defines a promissory note to be:

"An open promise, in writing, by one person to pay another person named, or to his order, or to bearer, a specified sum of money absolutely, and at all events." (Daniel on Negotiable Instruments, sec. 28.)

And further says:

"In order to fulfill the definition given, the paper must carry its full history upon its face, and embrace the following requisites: First. It must be open; that is, unsealed. Second. The engagement to pay must be certain. Third. The fact of payment must be certain. Fourth. The amount to be paid must be certain. Fifth. The medium of payment must be money. Sixth. The contract must be only for the payment of money. And seventh. It is also essential to the operation of the instrument that it should be delivered."

The form of the note involved herein is a little out of the ordinary, in that the waiver and consent clauses have relation to the makers of the note; whereas they are usually inserted for the purpose of extending the ordinary liability of sureties, guarantors, or indorsers. That the maker consents to the extension of the time of payment in no way affects the legal rights of the holder of the paper; they are clear and certain. The note falls due at a time fixed, and the holder is at liberty to collect it at that time, or resort to any proper legal remedy he sees fit for that purpose. In the United States, if the time must certainly come, although the particular day is not mentioned in the note, it is regarded as negotiable, as the fact of payment is then certain. Daniel on Negotiable Instruments (5th Ed.) sec. 43. At first glance, the authorities may seem to be in conflict upon this question, but upon closer classification of them it will be found that there is not such a great divergence of judicial opinion.

*First National Bank v. Buttery,* 17 N. D. 326, 116 N. W. 341, 16 L. R. A. (N. S.) 878, satisfactorily discusses the identi-

cal question involved herein. The note in controversy in that case stipulated that the makers and indorsers severally waive presentment for payment and notice of protest, and agree that the time of payment may be extended without notice. Mr. Justice Spaulding, who delivered the opinion of the court, said:

"It is strenuously argued that the use of the word 'maker' in the waiver admits of an extension being made at any time, on the part of the holder, by a mere secret mental process, unknown to any other party. This may be true as a psychological fact, but we do not deem it so as a matter of practice in commerce and banking. To us it is clear that it has the same effect as though the note read, 'on the 1st day of October, 1903, or thereafter on demand,' in which case there would be no question as to its negotiability. The holders of notes do not, by a secret mental process, make an extension of the time of payment; but such extension, if made at all, is made by an agreement between the principal debtor and the holder of the paper, either with or without consent of the indorsers. This provision seems to have been inserted to protect against any release of indorsers, or others, by an extension without their consent; and the word 'makers' is evidently included to prevent any misunderstanding of the contract or failure to distinguish makers, indorsers, sureties, and any other parties who might be or become liable thereon, under certain contingencies, as makers. This phrase does not express an agreement to extend time, but leaves the matter of extension optional with the holder and not obligatory upon him, and the note on its face fixes the time when it becomes due. In this respect, it must be distinguished from a provision to the effect that the time of payment shall be extended indefinitely, in which case the uncertainty of the time renders the instrument non-negotiable."

The learned judge then cites *National Bank of Commerce v. Kenney et al.*, 98 Tex. 293, 83 S. W. 368, *Farmer v. Bank of Graettinger*, 130 Iowa, 469, 107 N. W. 170, *Jacobs v. Gibson*, 77 Mo. App. 244, *City National Bank v. Commission Co.*, 93 Mo. App. 123, all of which support the doctrine laid down in the principal case. To the same effect is *Cudahy Packing Co. v. Bank of St. Louis*, 134 Fed. 538, 67 C. C. A. 662, where the general subject of negotiability is interestingly and learnedly discussed by Judge Amidon.

The judgment of the court below must be reversed, and the cause remanded, with directions to enter judgment in conformity with· this opinion.

TURNER, C. J., and HAYES and WILLIAMS, JJ., ·concur; DUNN, J., absent, and not participating.