## DE GROAT v. FOCHT.

No. 2517. Opinion Filed January 7, 1913.

·Rehearing Denied April 22, 1913.

(131 Pac. 172.)

1. **BILLS AND NOTES—Nonnegotiable Notes.** A clause in a note reading, "The indorsers, guarantors, and assignors severally waive presentment for payment, protest, and notice of protest thereof, for nonpayment of this note, and consent that time of payment may be extended without notice," does not render it nonnegotiable.

2. **SAME—Negotiable Note—"Fixed or Determinable Time."** Under the uniform Negotiable Instrument Act, an instrument, to be negotiable, must be payable on demand or at a fixed or determinable time, and a fixed or determinable time, within the meaning of that act, is when the instrument provides for a fixed period after date, on or before a fixed or determinable future time, specified therein, or on or at a fixed time after the occurrence of a specified event which is certain to happen, though the time of happening be uncertain.

3. **PLEADING—Judgment on Pleadings.** Where a petition alleges defects in the execution of a note, occasioned by mutual mistake of the parties, and the answer admits the defects, it is not error to render judgment on the pleadings, reforming the same.

(Syllabus by Robertson, C.)

*Error from District Court, Oklahoma County;*
*George W. Clark, Judge.*

·Action by Fred Focht against Mrs. Frank De Groat. Judgment for plaintiff, and defendant brings error. Affirmed.

*R. H. Towne,* for plaintiff in error.
*Everest, Smith & Campbell,* for defendant in error.

Opinion by ROBERTSON, C. On May 11, 1911, Mrs. Frank De Groat, plaintiff in error, made, executed, and delivered to Mrs. M. A. Foster three promissory notes, payable, respectively, in six, seven, and eight months from date; it is alleged in the petition that by mistake the amount for which the first note was given, to wit, $50, was omitted, and no definite sum was named, and plaintiff prays that the same be reformed and the proper sum inserted; the other notes were in the sum of $50 each, and all, save as to the time they fall due, read as follows:

"$50.00. May 11, 1910. Seven months after date, for value received, I, we, or either of us, jointly and severally, waiving grace and protest, promise to pay to the order of Mrs. M. A. Foster, at the Oklahoma City, fifty dollars, with interest at the rate of 8 per cent, per annum, payable annually until paid. The interest, if not paid annually, to become as principal, and bear the same rate of interest. The indorsers, guarantors, and assignors, severally waive presentment for payment, protest and notice of protest thereof, for nonpayment of this note, and consent that the time of payment may be extended without notice. Mrs. Frank De Groat.

"Indorsed: Pay to Ferd Focht. Mrs. M. A. Foster."

The petition further alleges that a chattel mortgage, on certain personal property, was given to secure the payment of the notes; that default in payment has been made; and prays for the reformation of the first, and for judgment on all three, notes, and for foreclosure of the chattel mortgage, and other proper relief.

The answer of Mrs. De Groat contains: First, a general denial, and in addition admitted, "Being indebted to said Foster in the sum of $150 evidenced by three notes for $50 each, due, respectively, on the 11th day of November, and December, 1910, and January, 1911;" and further alleges that she, on November 7, 1910, had been garnisheed in a certain cause pending in the justice of the peace court, wherein Holtzshue Bros. were plaintiffs, and Mrs. M. A. Foster, the payee named in said

notes, was defendant, and that, in pursuance of such garnishment proceedings, she had answered to the effect that she was indebted to said payee in the sum of $150 for the three notes hereinbefore mentioned, and that, by virtue of said answer, the justice had ordered her to pay said sum into court, to be applied to the payment of the plaintiff's judgment in the cause pending in the justice of the peace court. She further alleged that the notes were nonnegotiable; that she had no notice of their transfer from Mrs. Foster to Focht; that Holtzshue & Holtzshue were necessary parties defendant to the action; and prayed that they be brought in as such, and that she be awarded judgment for her costs. Plaintiff replied by general denial, and later filed a motion for judgment on the pleadings, which, coming on to be heard, was sustained, and the first note was reformed as prayed for, on the admissions of defendant's answer, and judgment for the full amount was entered, and the chattel mortgage ordered foreclosed, and for costs. Defendant complains of said order and judgment, and brings error to reverse the same.

The first assignment of error raises the question of the negotiability of the notes sued on; and plaintiff in error contends that the clause therein which reads as follows, "the indorsers, guarantors, and assignors severally * * * consent that time of payment may be extended without notice," destroys the negotiability of said notes, and discusses this proposition, in an interesting manner, in an elaborate brief, in which the authorities are reviewed at length. We do not feel, however, that we are at liberty to dwell on this subject, for that Mr. Justice Kane, in *Missouri-Lincoln Trust Co. v. Long,* 31 Okla. 1, 120 Pac. 291, has settled the question against the contention of counsel for plaintiff in error; and we accept the opinion in that case as the law in this state on this question. We are not unmindful of the fact that in the Long case, *supra,* the note was given in the Indian Territory prior to statehood, and before the uniform Negotiable Instrument Act was passed; but we do not lose sight of the fact that the rule of law announced in that case would and should have been precisely the same had the note sued

on been given after the adoption of the uniform negotiable instrument law.

Under this act, an instrument, to be negotiable, must be payable on demand or at a fixed or determinable time, and a fixed or determinable time, within the meaning of that act, is when the instrument provides for a fixed period after date, or on or before a fixed or determinable future time, specified therein, or on or at a fixed time after the occurrence of a specified event which is certain to happen, though the time of happening be uncertain. Comp. Laws 1909, secs. 4436, 4439.

As is pointed out by counsel for defendant in error in their brief, that, notwithstanding the note in the Long case, *supra,* was given in the Indian Territory before statehood, yet this court, in determining its negotiability, followed the law merchant and the modern decisions construing the same. And as was said in *Union Stock Yards Nat. Bank v. Bolan,* 14 Idaho, 87, 93 Pac. 508, 125 Am. St. Rep. 146:

"We may note in passing that the uniform instrument law is in substance merely a codification of the law merchant on the subject"

—and, this being true, it necessarily follows that decisions of courts, based on the law merchant, are applicable to, and controlling of, the questions arising under the uniform Negotiable Instrument Act.

The opinions in the cases cited in *Missouri-Lincoln Trust Co. v. Long, supra,* by Justice Kane, are nearly all based on the uniform Negotiable Instrument Act, and are not only highly persuasive in their reasoning, but, as we view it, are binding on us as authorities. To hold otherwise would be unwarranted, and would tend to defeat the very purpose of the act. The notes being negotiable, it necessarily follows that Holtzshue Bros. were not proper parties, inasmuch as garnishment proceedings could not be based on them. See section 5725, Comp. Laws 1909. Ferd Focht, the owner of the notes at the time the suit was filed and tried in the justice of the peace court, was not a party to said action, and Mrs. De Groat was bound to have knowl-

edge of the negotiability of the notes, and should have protected herself by proper allegations in her garnishee answer. Focht was not required to give notice of the transfer of the notes to him by Mrs. Foster; neither was he required to take notice of the pendency of the action and the garnishment proceedings in the justice of the peace court. The admission of plaintiff in error, in her answer in the trial court to the effect that "she promised to pay, six months after date, $50, with interest at 8 per cent," and the further admission that she was indebted to Mrs. Foster, as was "evidenced by three notes for $50 each," and (page 20, case-made) "which notes are the very same identical notes sued on in the present action," effectually disposes of the contention that the court erred in ordering a reformation of the first note.

The allegation of plaintiff's petition, reciting the mistake in the execution of the note, was not sufficient authority to authorize the court in ordering a reformation; but these allegations, aided by the admissions of the answer, justify fully the action of the court.

The questions of negotiability of the notes in question having been disposed of, it becomes unnecessary to give further consideration to the other alleged errors as the disposition of the first assignment fully disposes of the others.

No error appearing in the record, it follows that the judgment of the district court of Oklahoma county should be affirmed.

By the Court: It is so ordered.