WALTER H. WHITE *v.* W. T. HATCHER, *et al.*

*(Nashville.* December Term, 1915.)

1. **BILLS AND NOTES.** Negotiability. Certain time. Accelera-
tion clause.

A series of notes, payable at different times, but all to be-
come due upon default of one are negotiable; the time of pay-
ment not being uncertain and contingent within Negotiable
Instruments Act (Laws 1899, ch. 94) sec. 1, subsec. 3, and sec-
tion 4, providing that an instrument is negotiable which is
payable, "on or before a fixed or determinable future time
specified therein." (*Post, pp.* 611-616.)

Acts cited and construed:   Acts 1899, ch. 94, sec. 4; Acts 1899,
ch. 94, subsec. 3, sec. 1.

Cases cited and approved:   Bank v. Russell, 124 Tenn., 618;
Chicago Railway Equipment Co. v. Merchant's Nat. Bank, 136
U. S., 268;  Thorp v. Mindeman, 123 Wis., 149.

Case cited and distinguished:   Iowa Nat. Bank v. Carter, 144
Iowa, 715.

2. **BILLS AND NOTES.** Construction. Time of maturity. Ac-
celeration clause.

Such notes become due prior to their fixed maturities only at
the option of a holder, and the hold of earlier notes, upon one
of which default is made, can declare due and payable only
the notes in his possession. (*Post, p.* 616.)

FROM DAVIDSON.

Appeal from the Chancery Court of Davidson Coun-
ty to the Court of Civil Appeals, and by *certiorari* to

the Court of Civil Appeals from the Supreme Court.—
JOHN ALLISON, Chancellor.

HOWARD E. BROWN, for appellant.

HUME & CORNELIUS, for appellees.

MR. JUSTICE GREEN delivered the opinion of the
Court.

This is a suit by the indorsee of several promissory
notes, claiming to be an innocent holder. The defend-
ant, the maker, admits the execution thereof, but avers
failure of consideration and denies that the notes were
negotiable.

There was a decree for the complainant in the court
of civil appeals, that court finding him to be an innocent
holder and construing the notes sued on to be negotia-
ble instruments. A petition for *certiorari* has been
granted and the cause argued here.

All the notes are of like effect and the first is, in
words and figures, as follows:

"$25.00.			September 15, 1913.

"Sixty days after date I promise to pay to the or-
der of Jas. L. Akers twenty-five and no one hundredths
dollars, with interest from date at the rate of six per
cent. per annum, value received. This note is first
of a series of twelve notes given for the purchase of
one Marathon roadster automobile. The conditions of
said purchase are, that the title to the above car is
to remain in the hands of Jas. L. Akers, and so remain,
until all the notes are paid in full with interest and cost

of collection, including attorney's fees.   In default of
payment on .any of the said notes, the whole shall be-
come due, and the said Jas. L. Akers shall have the
right to take possession of said car and sell the same
for the balance of purchase money as provided by law.

W. T. HATCHER.''

Indorsed on back:

''JAS. L. AKERS.''

It is only necessary to consider that provision of the
notes declaring that the whole series shall become due
upon default in payment of any one of  said  notes.
Other provisions of the notes have been elsewhere con-
sidered by the court and held not to affect negotiability.

It is urged in behalf of the maker that the insertion
of the words under consideration rendered the time of
payment of the notes uncertain and contigent within
the meaning of section 4, chapter 94, of the Acts of 1899.
The Negotiable Instruments Act.

An instrument to be negotiable must be payable on
demand, or at a fixed or determinable future time. Sub-
section 3, section 1, chapter 94, Acts 1899.

Further quoting from this statute:

''Sec. 4, An instrument is payable at a determinable
future time, within the meaning of this act, which is ex-
pressed to be payable:

''1.   At a fixed period after date or sight; or,

''2.   On or before a fixed or determinable future
time specified therein; or,

''3.   On or at a fixed period after the occurrence of a
specified event, which is certain to happen, though the
time of happening be uncertain.

"An instrument payable upon a contingency is not negotiable, and the happening of the, event does not cure the defect."

The notes in suit are not payable on a contingency. They are payable at all events at the several times fixed on their faces. Any may become due earlier if the maker defaults in payment of one maturing previously.

The statute authorizes the execution of a negotiable instrument payable "on or before a fixed or determinable future time specified therein." If thus expressed, negotiability is not impaired, although the maker may, if he find it convenient, treat the note as matured and discharge it any day after issuance.

Since under subsection 2, section 4, a negotiable note may be so written as to mature at any time before the fixed date, according to the convenience of the maker, may not this language of the statute be held to justify a more definite acceleration, dependent upon the act of the maker? Such a construction seems to be sound. Maturity would not be controlled by the whim or caprice of the holder, as where the latter was authorized to confess judgment for the maker, whenever the note was deemed insecure, and *Bank* v. *Russell,* 124 Tenn., 618, 139 S. W., 734, Ann. Cas., 1913A, 203, and like cases have no application.

The exact question before us came before the supreme court of the United States. While that case did not arise under the negotiable instruments statute, the court recognized the general rule of the law merchant to be that:

White v. Hatcher.

"To constitute a valid promissory note it must be for the payment of money at some fixed time, or upon some event which must inevitably happen, and that its character as a promissory note cannot depend upon future events but solely upon its character when created."

The court further recognized the negotiability of a note payable on or before a named date, and after a review of the decisions said:

"In view of these authorities, as well as upon principle, we adjudge that the negotiability of the notes in suit was not affected by the provision that upon the failure of the maker to pay any one of the notes of the series to which those in suit belonged, the rest should become due and payable to the holder." *Chicago Railway Equipment Co.* v. *Merchants National Bank,* 136 U. S., 268 [10 Sup. Ct., 999], 34 L. Ed., 349.

It is to be noted that section 4 of the statute, defining "determinable future time" contains nothing materially different from the provisions of the law merchant, as these provisions were understood by the supreme court, and we are accordingly inclined to follow *Chicago Railway Equipment Co.* v. *Merchants' National Bank,* supra, and to hold the notes here in suit negotiable.

The Negotiable Instruments Act declares that the sum payable is a sum certain, although payable "by stated installments, with a provision that upon default in payment of any installment, or of interest, the whole shall become due," Subsection 3, section 2.

The supreme court of Wisconsin has held that a stipulation maturing a whole series of notes upon default in the payment of one does not impair negotiability. The Wisconsin statute, however, is slightly different from the Tennessee statute. The former statute has an additional subsection among those defining instruments payable at a determinable future time, as follows:

"4. At a fixed period after date or sight, though payable before then on a contingency." St. Wis., 1915, section 1675-4.

This subsection seems to have been added to the statute to meet former decisions of the Wisconsin court, and the holding of the court referred to above is rested on the statute. *Thorp* v. *Mindeman,* 123 Wis., 149, 101 N. W., 417, 68 L. R. A., 146, 107 Am. St. Rep., 1003.

The case of *Iowa National Bank* v. *Carter* 144 Iowa, 715, 123 N. W., 237, is cited in opposition to the views we have indicated. The notes there held to be nonnegotiable, in addition to the stipulation for the maturity of all upon default in respect to one, provided:

"If the said party of the first part shall sell, assign, dispose of, or attempt to sell, assign, dispose of, or remove from said county of Iowa without the consent of said Port Huron Machine Co., Ltd., the whole or any part of said goods or chattels, or if at any time the said party of the second part shall deem themselves insecure,"

—the whole of the notes should become due.

The Iowa court might obviously have based its conclusion, as to the character of the notes, upon that portion of their contents just quoted, without consideration of the acceleration clause.

*Roblee* v. *Union Stockyards National Bank,* 69 Neb., 180, 95 N. W., 61, is not in point. In that case, by a collateral agreement, the maker undertook to make payments on the notes by the delivery of milk to a certain creamery, by which deliveries his notes were to be credited. The court said the transaction involved the payment of uncertain sums at uncertain times, that it would be impossible to tell how much would be due on these notes at maturity, and that such notes were not negotiable.

Inasmuch, therefore, as we find no direct construction of the Negotiable Instruments Act to the contrary, and, believing the act, in this particular, made no change in the rules of the law merchant, we prefer to follow the interpretation of the latter rules adopted by the supreme court in *Chicago Railway Equipment Co.* v. *Merchants' National Bank,* supra, and adjudge that the negotiability of a series of notes is not affected by a provision that upon the failure of the maker to pay any one of the notes, the whole of the series shall become due.

Such a result is undoubtedly desirable in furtherance of trade and industry. A conditional vendor, selling implements, equipment, and machinery, with lien or title retained, is thus protected against depreciation of his security, incident to its use. Purchase

money notes, so secured, may be more readily market-
ed. The security being better, credit will be easier, and
small enterprises may be organized and outfitted with
less difficulty. It is said that these notes might find
their ways into different hands, and that the holder of
the later notes would not know it if default was made
upon an earlier note; that such default would mature
the whole series, and the holder of the later notes
would thus unwittingly and perhaps unwillingly have
the notes in his possession rendered past due.

The answer to this is that the provision that the ser-
ies of notes shall become due upon the failure of the
maker to pay any one of them means that such other
notes shall become due at the option of the holder. *Chi-
cago Railway Equipment Co.* v. *Merchants' National
Bank,* supra. Unless the holder of the other notes
so elects, said notes will not become due until their
fixed maturities.

The holder of earlier notes, upon one of which de-
fault is made, can only declare due and payable the
notes in his possession. His act cannot affect the notes
in the possession of another.

Upon the whole case we think the correct result was
reached by the court of civil appeals, and the decree of
that court is affirmed.