FIRST NATIONAL BANK OF SIDNEY, APPELLEE, v. J. C. BALDWIN ET AL., APPELLEES; J. M. SWENSON, APPELLANT.

FILED JUNE 3, 1916. No. 18941.

1. Bills and Notes: NEGOTIABILITY. A clause in a promissory note which reads as follows: "The makers and indorsers hereof waive demand, notice, and protest, and all defenses on the ground of any extension of the time of payment that may be given by the holders to them or either of them"—does not render the note non-negotiable.

2. ———: ACTION: PARTIES. A payee who indorses such a promissory note as follows: "I hereby guarantee payment of the within note and waive demand and notice of protest on same"—thereby assumes the liability of an indorser, and may properly be sued with the maker in the same action.

3. Appeal: FINDINGS BY COURT. The finding of a court in a law action based on conflicting evidence is entitled to the same weight as the verdict of a jury.

APPEAL from the district court for Cheyenne county: HANSON M. GRIMES, JUDGE. *Affirmed.*

*C. Petrus Peterson, R. W. Devoe* and *J. M. Swenson,* for appellant.

*Wright & Mothersead, B. A. Jones* and *Miles & McIntosh, contra.*

BARNES, J.

This is an appeal from the judgment of the district court for Cheyenne county. The action was brought by the First National Bank of Sidney, Nebraska, against J. C. Baldwin, J. M. Swenson and M. Radcliff on a promissory note which reads as follows:

"$1,000.                    Sidney, Nebraska, Dec. 29, 1910. "June 26, 1911, for value received, we jointly and severally promise to pay to the order of J. M. Swenson, of Sidney, one thousand and no/100 dollars at the First National Bank of Sidney, Nebraska, with interest at the rate of ten per cent. per annum from maturity until paid.

"The makers and indorsers hereof waive demand, notice, and protest, and all defenses on the ground of any extension of the time of payment that may be given by the holders to them or either of them. (Signed) J. C. Baldwin.
                                          "M. Radcliff.
"No. 5605. Due June 26, 1911."

The note bore the following indorsement: "J. M. Swenson." There was also another indorsement as follows: "For value received I hereby guarantee payment of the within note and waive demand and notice of protest on same when due.          (Signed) J. M. Swenson."

By agreement the cause was tried to the court, and resulted in judgment for the plaintiff and against Baldwin and Swenson. Swenson alone has appealed.

The answer admitted the execution, indorsement and delivery of the note to the plaintiff, but it was alleged by appellant that, subsequent to the maturity of the note, the plaintiff, without the knowledge and consent of the defendant, and for a valuable consideration, extended the time of payment thereof to the makers, by reason of

which he was released and discharged from the liability imposed upon him by his contract of guaranty. Swenson further alleged that, before the date of the maturity of the note set out in plaintiff's petition, to wit, June 26, 1911, and before any extension was made by the plaintiff for the time of payment of said note, he notified the plaintiff not to make any extension whatever for the payment thereof; that on the same day the maker of the note, J. C. Baldwin, applied for an extension in the time of payment for a period of six months; that, the plaintiff being desirous of granting an extension of time for a period of six months, it was then and there agreed by and between the plaintiff and this defendant, for and in consideration of this defendant's consenting to an extension for that length of time, that no further extension of time for payment of said note should be made by the said plaintiff to the makers thereof, after the expiration of six months, without the consent of the defendant; that, relying upon the terms of said contract, this defendant consented that the time of the payment of said note might be extended for a period of six months from June 26, 1911, and that thereupon this defendant indorsed his consent to said extension on the back of said note in words and figures followed, to wit:

·"June 26, 1911.

"Please extend the within note for six months from this date. (Signed)   J. M. Swenson."

The reply of the plaintiff was in effect a general denial.

The appellant contends that the note was not a negotiable instrument, and authorities from a few states are cited in support of his contention. On the other hand, it seems clear that a majority of the more recent authorities, and especially those under the present negotiable instruments law, clearly hold to the contrary. The clause waiving all defenses on the ground of extension of time has been held not to destroy the negotiability of the note. *First Nat. Bank v. Buttery,* 17 N. Dak. 326; *National Bank of Commerce v. Kenney,* 98 Tex. 293; *Jacobs v. Gibson,* 77 Mo.

App. 244; *City Nat. Bank v. Goodloe-McClelland Commission Co.*, 93 Mo. App. 123; *Farmer, Thompson* and *Helsell v. Bank of Graettinger*, 130 Ia. 469; *Stitzel v. Miller*, 250 Ill. 72; *Navajo County Bank v. Dolson*, 163 Cal. 485; *Missouri-Lincoln Trust Co. v. Long*, 31 Okla. 1; *De Groat v. Focht*, 37 Okla. 267; *Longmont Nat. Bank v. Loukonen*, 53 Colo. 489.

By section 5323, Rev. St. 1913, it is provided: "An instrument which contains an order or promise to do any act in addition to the payment of money is not negotiable. But the negotiable character of an instrument otherwise negotiable is not affected by a provision which: * * * Third—waives the benefit of any law intended for the advantage or protection of the obligator." We therefore hold that the note in question was a negotiable instrument.

It is further contended by the appellant that there was a misjoinder of causes of action, in that the appellant could not be sued jointly with the makers of the note.

Again, this precise question was ruled on in *Weitz v. Wolfe*, 28 Neb. 500. In that case the payee of a note, when selling the same, indorsed it as follows: "I guarantee the payment of the within note, waiving demand and notice of protest." It was there held that the liability of the defendant was not that of a mere guarantor who could not be joined in the same action with the maker of the note, but, like the appellant in this case, was an indorser with an enlarged liability. Therefore the action was properly brought against the appellant and the makers of the note.

Appellant also contends that he had the right to forbid the bank from giving any extension of time for payment, and it is argued that no consent to any extension of time can be found in the clause waiving all defenses by reason of an extension. It is further argued that the defendant Swenson had the right at any time to prevent an extension being given. However, on the question of the extension the evidence is conflicting. The plaintiff testified that Swenson never notified him not to give any further extension of time on the note. Under the rule often an-

nounced by this court, where a cause is tried to the court without the intervention of a jury, the findings and judgment of the court are of the same effect as the verdict of a jury.

From an examination of the record, we find no reversible error, and the judgment of the district court is

AFFIRMED

LETTON, J., not sitting.