BANK OF WHITEHOUSE *v.* M. H. WHITE.

(*Nashville.*   December Term, 1916.)

**BILLS AND NOTES.   Negotiability.   Time certain.**

Under Negotiable Instruments Act (Laws 1899, chapter 94, section 1, subsec. 3, providing that an instrument to be negotiable must be payable on demand, or at a fixed or determinable future time, a promissory note, containing a provision on the part of the obligors that "we authorize the holder thereof to extend the payment of the same, or any part thereof, without impairing our joint and several liabilities, and the sureties agree to waive notice of any extension of time," was negotiable, as the provision relates to and gives assent to extensions that may be granted at or after maturity, the date of which is set forth with certainty in the note, or to an extension which, if made prior to maturity, has operative effect as from the time the note falls due according to tenor.

Acts cited and construed:   Acts 1899, ch. 94.

Cases cited and approved:   First Nat. Bank v. Buttery, 17 Ann. Cas., 55;   Longmont Nat. Bank v. Loukonen, Ann. Cas., 1914B, 210;   ·Anniston Loan, etc., Co. v. Stickney, 31 L. R. A., 234;   Rossville State Bank v. Heslet, 33 L. R. A. (N. S.), 738;   State Bank of Halstad v. Bilstad, 49 L. R. A. (N. S.), 132;   First Nat. Bank v. Stover (N. M.), 155 Pac., 905;   First Nat. Bank v. Baldwin (Neb.), 158 N. W., 371;   City Nat. Bank v. Kelly (Okl.), 151 Pac., 1172;   Davis v. McColl, 179 Mo. App., 198;   White v. Hatcher, 135 Tenn., 609;   Pemiscot County Bank v. Bank, 132 Tenn., 152.

FROM SUMNER.

Appeal from the Chancery Court of Sumner County.—J. W. STOUT, Chancellor.

A. E. & J. E. GARNER, TRUE & DORSEY and S. A. VAN NESS, for appellant.

J. W. MURRAY, WM. A. GUILD and F. M. BASS, for appellee.

MR. JUSTICE WILLIAMS delivered the opinion of the Court.

Is the negotiability of a note destroyed by a provision on the part of the obligors that:

"We authorize the holder thereof to extend the payment of the same, or any part thereof, without imparing our joint and several liabilities, and the sureties agree to waive notice of any extension of time."

The contention in behalf of the appellant is based upon section 1, subsec. 3, of the Negotiable Instruments Act, 1899, chapter 94:

"An instrument, to be negotiable, must conform to the following requirements:

" * * * (3) Must be payable on demand, or at a fixed or determinable future time."

We construe the clause in the note, quoted above, to relate and to give assent to extensions that may be granted at or after maturity, the date of which is set forth with certainty in the note; or to an extension which, if made prior to maturity, has operative effect as from the time when the note falls due according to tenor; and we are of opinion that when so construed the clause should not render the note

negotiable, whether we view the question from the standpoint of principle, precedent, or policy.

Principle: As already observed, the note as executed is stipulated to mature on a date fixed and certain. The provision for extension does not put it in the power of the holder to extend the note without the concurrence of the maker, and the latter may not force an extension on the holder. When they concur, a new date of maturity is fixed, and one no less certain than the original date. The sureties merely assent in advance thereto and bind themselves to waive the right of defense that might otherwise accrue; or to be bound by the supplemental contract which fixes the later maturity date. There is no agreement embodied in the note operating to bind the holder to extend. There is incorporated no promise to do anything that would, of its force, affect the unconditional promise to pay on the date named in instrument. There is nothing in the note that looks towards an indefinite extension of time of payment.

Precedent: Cases that pass on this question may be found collated in 8 Corp. Juris., 140, and in notes to *First Nat. Bank* v. *Buttery*, 17 Ann. Cas., 55 and 16 L. R. A. (N. S.), 878; *Longmount Nat. Bank* v. *Loukonen*, Ann. Cas., 1914B, 210; *Anniston Loan, etc., Co.* v. *Stickney*, 31 L. R. A., 234; *Rossville State Bank* v. *Heslet*, 33 L. R. A. (N. S.), 738; *State Bank of Halstad* v. *Bilstad*, 49 L. R. A. (N. S.), 132. The cases which have appeared since the preparation of the last of these notes demonstrate that the above is

Bank of Whitehouse v. White.

fast becoming the settled construction of the Negotia-
ble Instruments Act. *First Nat. Bank* v. *Stover* (N.
M.), 155 Pac., 905, L. R. A., 1916D, 1280; *First Nat.
Bank* v. *Baldwin* (Neb.), 158 N. W., 371; *City Nat.
Bank* v. *Kelly* (Okl.), 151 Pac., 1172; *Davis* v. *McColl*,
179 Mo. App., 198, 166 S. W., 1113.

Policy: Such a provision for extension not infre-
quently operates to the advantage of a surety in per-
mitting the holder, at his option, safely to give grace
to the maker, on the latter's application; when other-
wise, pressure for payment might come inconven-
iently upon both maker and surety. It is common
practice to embody such a provision in notes; the
clause tends to give currency to the note, and the
policy of the law should be in furtherance of the nego-
tiability of such widely used instruments when they
fairly fall within the spirit of the provisions of the
uniform act. *White* v. *Hatcher*, 135 Tenn., 609, 188
S. W., 61; *Pemiscot County Bank* v. *Bank*, 132 Tenn.,
152, 177 S. W., 74.