## SHARP v. BEELER.

No. 28068.   June 7, 1938.

127 P. 427, but the criticism made of this case in Illinois Bankers Life Assurance Co. v. Day, 178 Okla. 285, 62 P.2d 970, shows wherein said rule is not now applicable.

The court followed this theory of the law into the instructions. Instruction No. 3 told the jury that the notes were non-negotiable and the defendant could make any defense as against Sharp he could in an action by the payee. Instruction No. 5 told the jury that fraud or failure of consideration was a defense. Since we are holding that the notes were negotiable, the erroneous instructions were prejudicial to defendant.

Judgment reversed, and remanded.

PHELPS, CORN, GIBSON, and HURST, JJ., concur.

Holden, Coe & Holtzendorff, for plaintiff in error.

Jeff H. Williams, for defendant in error.

BAYLESS, V. C. J. George R. Beeler, Jr., purchased a policy of life insurance from the Republic Life Insurance Company, and the right to receive two shares of stock (the exact conditions of delivery not shown), for which he paid with his promissory note. H. H. Sharp, claiming to be the owner and holder of two of these notes, instituted an action before a justice of the peace to recover, and an appeal was taken to the district court of Grady county. Beeler's defense was (1) general denial; (2) an admission of the execution and delivery of the notes, coupled with a plea of a lack of consideration and fraud and misrepresentation in the procurement of the notes; (3) that Sharp is not the owner and holder; and (4), if he is the owner and holder, he is not an innocent purchaser. Judgment was for defendant, and Sharp appeals.

The first contention relates to the ruling of the court that the notes were nonnegotiable, and therefore subject to any defense which might have been urged against them in the hands of the payee. Their lack of negotiability is said to rise from the following language in the face of the notes:

"The makers and endorsers hereby waive demand, notice of protest, and severally agree to an extension and partial payments before or after maturity, without prejudice to the holder."

The court erred in holding this rendered the notes nonnegotiable. Missouri-Lincoln Trust Co. v. Long, 31 Okla. 1, 120 P. 291, and City National Bank v. Kelley, 51 Okla. 445, 151 P. 1172. The defendant relied upon the case of Bell v. Riggs, 34 Okla. 834,