Barnum v. Kennedy.

P. T. BARNUM, *et al.*, v. J. P. KENNEDY.

1. IRREGULARITIES IN PROCEEDINGS OF COURT; *How Corrected.* Irregularities in the proceedings of a court of general jurisdiction, having jurisdiction of the subject-matter, and of the parties, can be corrected only by appellate proceedings, and are not sufficient to invalidate the judgment when attacked collaterally.

2. ALLEGATION OF AUTHORITY; *Admitted, Unless Denied Under Oath.* An allegation in a pleading, that the president of a bank was fully authorized to make an assignment of a judgment belonging to the bank, is admitted, unless denied under oath.

3. ——— The petition alleged the making of certain assignments. The answer, besides a general denial, contained an averment that the said alleged assignments were made without consideration, and not in good faith. *Held,* That the fact of the assignment was thereby admitted.

*Error from Wyandotte District Court.*

ACTION, brought by *J. P. Kennedy* against *The Pacific Railroad Company*, to recover upon a certain judgment rendered in favor of the Citizens' Savings Bank of St. Louis, Missouri, and against said railroad company, which judgment had been assigned to said Kennedy. Under an order of the district court, made January 12th, 1877, *Phineas T. Barnum*, and three others, were made parties defendant in said action. Trial at July Term, 1877, of the district court. Findings and judgment for plaintiff. New trial refused, and defendants bring the case here. Other facts are set forth in the subjoined opinion.

*Frank Titus*, for plaintiffs.

*O. H. Dean*, and *F. B. Haff*, for defendant.

The opinion of the court was delivered by

BREWER, J.: The question in this case is as to the validity of a judgment in the circuit court of St. Louis county, Missouri, against the Pacific railroad. The facts as they appear from the transcript of that court are, that a petition in due form on certain promissory notes was prepared, and on the back thereof this indorsement was written:

"The Pacific railroad of Missouri, defendant, here enters its appearance to the above cause, this 21st day of January, 1876, to the February term, A. D. 1876, of the circuit court of St. Louis county, and waives copy and service of the writ and petition in this cause.          SAMUEL HAYS,
          *"President Pacific Railroad of Missouri."*

February 16th, this petition, with its indorsements, was filed in that court, and the same day a judgment by default entered for $45,096.20. February 19th, the defendant appeared generally by its attorney, and moved the court to set aside the judgment, assigning in support thereof seven different grounds, three of which referred to the time and manner of entering the judgment; the fourth, to a want of opportunity to plead; and the remaining three, to an excess in the

amount for which the judgment was entered. February 22d, the plaintiff appeared by its attorneys and remitted the sum of $3,000, and upon its motion a new judgment was entered for the balance, to wit, $42,096.20, and on February 26th, the motion to set aside the judgment was overruled. This is all that the record shows touching the validity of the judgment. Its validity was attacked collaterally by plaintiffs in error, who were judgment creditors of the Pacific railroad. Did the district court err in holding it valid as against any such attack? We think not. The circuit court, as shown by the constitution of Missouri, offered in evidence, is a court of general jurisdiction. As such, it had jurisdiction of the subject-matter, to wit, a cause of action to recover money due on promissory notes. It had jurisdiction of the parties, for whether the indorsement or waiver on the petition by the president of the railroad company, defendant, was sufficient to bring the defendant into court, its appearance generally by attorney clearly was; and the judgment finally rendered, was not rendered until after such appearance. It may be said that this appearance was one simply to challenge the validity of the judgment, and therefore in fact only a special appearance; but it does not purport to be special. It challenges the judgment, not only on jurisdictional grounds, but also on the ground of excessive recovery. It claims that the judgment was erroneous, because rendered for too much, and also because prematurely rendered. Surely, a party who is not in court cannot litigate the question of error in the amount of the judgment. (*Evans v. King*, 7 Mo. 411; *Cohen v. Trowbridge*, 6 Kas. 385.) It appears that the defendant litigated the question of excessive recovery successfully, for $3,000 was remitted from the original amount.

The parties then being both in court, and the court having jurisdiction of the subject-matter, its judgment is valid as against any collateral attack. If the judgment was prematurely rendered, and without giving defendant the full statutory time for pleading, that is a matter of error and not of

jurisdiction; and error is corrected only by a reviewing court.

The authority of the president of the Citizens' bank, the plaintiff in such judgment, to make the assignment thereof, was admitted, by a failure to deny the same under oath. (Gen. Stat., p. 650, § 108.)

The fact of the assignments was admitted by the answer, which alleged that they were without consideration and not made in good faith; and these allegations were wholly unsupported by the testimony.

Upon the whole case, then, we see no error, and the judgment must be affirmed.

All the Justices concurring.