(February 7, 1887.)

## HEILNER ET AL. v. BROWN.

[12 Pac. 903.]

NEW TRIAL—AFFIDAVIT OF NEWLY DISCOVERED EVIDENCE—INSUFFICIENT JURAT.—Where an affidavit was produced and read in the district court, without objection, on motion for a new trial, on the ground of newly discovered evidence, and an objection is made in this court that the same is insufficient and void for want of a sufficient jurat, *held*, that this court will not consider the objection that it should first have been made in the court below.

SAME.—An order for a new trial on the ground of newly discovered evidence, being largely discretionary with the trial judge, *held*, this court will not disturb the same, unless appellant shows an abuse of such discretion.

(Syllabus by the court.)

APPEAL from District Court, Washington County.

G. W. Adams and Brumback & Lamb, for Appellant.

An affidavit on motion for a new trial that is not sworn to is not sufficient. (*McDermaid v. Russell,* 41 Ill. 489; *Ladow v. Groom,* 1 Denio, 431; *People v. Sutherland,* 81 N. Y. 5-8; *Knight v. Elliott,* 22 Minn. 551; *Tunis v. Withrow,* 10 Iowa, 307, 77 Am. Dec. 117.) An affidavit on motion for a new trial is not sufficient that alleges "that affiant could not, with reasonable diligence, have discovered and produced said evidence at such former trial." It must set forth the acts constituting the diligence used, or reason for not performing such acts, so the court may judge of the same. (*Wilkes v. Wolback,* 30 Kan. 375, 2 Pac. 508; *People v. Cummings,* 57 Cal. 88; *Stoakes v. Monroe,* 36 Cal. 388; *Fenno v. Chapin,* 27 Minn. 519, 8 N. W. 762, 763; *Chapman v. Moore,* 107 Ind. 223, 8 N. E. 80; *Pinschower v. Hanks,* 18 Nev. 99, 1 Pac. 454; *People v. Jones* (Cal.), 8 Pac. 611; *Carson v. Henderson,* 34 Kan. 404, 8 Pac. 727; *People v. Superior Court,* 5 Wend. 115, 10 Wend. 286; *Hopper v. Moore,* 42 Iowa, 563; *People v. Cummings,* 57 Cal. 88.)

Huston & Gray, for Respondents.

No appeal lies from an order granting a new trial, as such order is not a "final decision," within the meaning of the Revised Statutes of the United States, section 1869. (*Bostwick v. Brinkerhoff,* 106 U. S. 3, 1 Sup. Ct. Rep. 15; *Coughlin v. District of Columbia,* 106 U. S. 11, 1 Sup. Ct. Rep. 37; *Baker v. White,* 92 U. S. 176-179; *McComb v. Commissioners,* 91 U. S. 1; *Davis v. Crouch,* 94 U. S. 514.) Confessions and statements of defendant are not cumulative evidence. (*Parker v. Hardy,* 24 Pick. 246; *Gardner v. Mitchell,* 6 Pick. 116; *Chatfield v. Lathrop,* 6 Pick. 417; *Flannagan v. Newberg,* 1 Idaho, 84; *Gray v. Harrison.* 1 Nev. 509; *Wall v. Trainer,* 16 Nev. 131-135.)

HAYS, C. J.—This is an appeal from an order granting a new trial. The grounds of the motion for a new trial were irregularity in the proceedings of the court, newly discovered

evidence, insufficiency of the evidence, and errors in law.  The appellants contend that the affidavit of J. Durkheimer, produced and read in the court below on the motion for a new trial on the ground of newly discovered evidence, was insufficient and void on account of not having a proper jurat thereon. It was read and treated as an affidavit in the court below without objection, and counsel cannot be heard to raise such an objection for the first time in this court.  If it was defective, they should have objected to it in the court below, and, if overruled, they could have excepted, and been heard here.  While courts look with disfavor on motions for new trial, on the ground of newly discovered evidence, yet the court below must be clothed with large discretionary powers in such cases, and, if there is no abuse of that discretion, the appellate court will not interfere.  We find no abuse of that discretion in this case, but think the order a very proper one.  This being decisive of the question, other points discussed will not be considered.

The order is affirmed.

Buck and Broderick, JJ., concurring.