FIRST NAT. BANK OF STONEWALL v. JEFFREY *et al.*

No. 691.    Opinion Filed January 10, 1911.

**APPEAL AND ERROR—Evidence—Sufficiency—Defense to Note.** Evidence examined, and held not sufficient to sustain the judgment of the court below.

(Syllabus by the Court.)

*Error from Pontotoc County Court; Joe Terrell, Judge.*

Action by the First National Bank of Stonewall against W. P. Jeffrey and G. H. Angelly. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

*Currie & King* and *J. F. McKeel,* for plaintiff in error.
*Duke Stone,* for defendants in error.

KANE, J.   In January, 1907, one Harrison sold to the de-
fendant Jeffrey two horses and a set of harness.   Jeffrey was
unable to pay cash for said purchase and Harrison, being indebted
to the bank, agreed with Jeffrey that he would sell him said prop-
erty if he (Jeffrey) would make a bankable note, such as he
could sell to the plaintiff, the First National Bank.   Jeffrey agreed
to this, and, by way of carrying the arrangement into effect, went
to the plaintiff bank and offered as security on said note his co-
defendant, G. H. Angelly, which offer was accepted and the note
made direct to the bank instead of to Harrison as formerly agreed.
The note so given is the basis of this action.   The answer of the
defendant admits the execution of the note, but alleges that there
was a failure of consideration, in that the horses purchased from
Harrison were diseased and worthless, whereas said Harrison war-
ranted said horses to be sound and free from disease.   The reply
of the plaintiff amounted to a general denial.   Upon trial to a
jury there was a verdict for the defendants, upon which judgment
was rendered, to reverse which this proceeding in error was com-
menced.

The judgment must be reversed.   The answer does not al-
lege facts sufficient to constitute a defense to the cause of action
set up in the petition, and the facts developed on trial are not
sufficient to sustain a judgment in favor of the defendants.   Ad-
mitting that the horses were diseased and that they were warranted
to be sound by Harrison, yet the liability of the defendants to the
bank would not be affected.   The question whether the bank was an
innocent purchaser does not seem to us to be very material.   The
case, to us, is in no way different from one where a prospective
purchaser of horses borrows money from a bank to make the pur-
chase from a third person who warrants them to be sound and it
turns out they are not.   The question of the soundness of the
horses or any contract of warranty between the vendor and vendee,
would be entirely between the vendor and vendee, and would not

affect the bank or person who loaned the money. The defendant Jeffrey may have a cause of action against Harrison for damages for breach of warranty, but he has entirely failed to state or prove any facts that constitute a defense against the promissory note given to the bank.

The judgment of the court below is reversed and the cause remanded, with directions to enter judgment for the plaintiff.

All the Justices concur.