(June 2, 1913.)

## J. J. WELCH, Respondent, v. F. E. BIGGER and W. H. TURNER, Appellants.

[133 Pac. 381.]

ACTION TO QUIET TITLE—COMPLAINT—DEMURRER TO—ANSWER—DE-
MURRER TO—DENIALS—SUFFICIENCY OF—CROSS-COMPLAINT—REAL
ESTATE—CONTRACT FOR EXCHANGE OF—STATUTE OF FRAUDS.

1. *Held,* that the complaint states a cause of action and that the court did not err in overruling the demurrers thereto.

2. *Held,* that the answers did not put in issue any of the allegations of the complaint, and that the court did not err in sustaining the demurrers thereto.

3. *Held,* that the cross-complaints did not state a cause of action, and that the court did not err in sustaining demurrers thereto.

4. Where W. and B. enter into an oral contract to exchange real estate and T. undertakes to prepare a written contract embodying such oral contract, and he prepares two contracts, and it is admitted that the contracts so prepared do not contain the main features of the oral contract, such written contracts are not sufficient to take the oral contract out of the statute of frauds.

5. *Held,* that the denials in the answers were not sufficient to make an issue of fact.

6. *Held,* that where the plaintiff sues for one thousand dollars damages, and the answer denies "that the plaintiff has been damaged

in the sum of one thousand dollars by reason of the acts of this defendant," such denial is an admission that the plaintiff has sustained damages in a sum less than $1,000.

APPEAL from the District Court of the Fourth Judicial District for Twin Falls County. Hon. C. O. Stockslager, Judge.

Action to quiet title to certain real estate. Judgment for the plaintiff. *Affirmed.*

James H. Wise, for Appellants.

A motion for judgment on the pleadings admits the truth of all the allegations of the answer and cross-complaint. It also admits the untruth of all the allegations in the complaint, which defendants have denied. (*Mills Novelty Co. v. Dunbar,* 11 Ida. 671, 83 Pac. 932; *Idaho Placer Min. Co. v. Green,* 14 Ida. 249, 93 Pac. 954.)

An averment in an answer to the contrary of what is alleged in the complaint is equivalent to a denial. (*Stetson v. Briggs,* 114 Cal. 511, 46 Pac. 603; *Perkins v. Brock,* 80 Cal. 320, 22 Pac. 194; *Scott v. Woods,* 81 Cal. 398, 22 Pac. 871.)

An affirmative allegation may be traversed in the pleading by an affirmative averment inconsistent with it. (*Siter v. Jewett,* 33 Cal. 92; *Churchill v. Baumann,* 95 Cal. 541, 30 Pac. 770; *Pfister v. Wade,* 69 Cal. 133, 10 Pac. 369; *Burris v. People's Ditch Co.,* 104 Cal. 248, 37 Pac. 922.)

A defendant is not required to deny allegations in any more specific language than that in which they are set forth in the complaint. (*McDonald v. Pacific Debenture Co.,* 146 Cal. 667, 80 Pac. 1090; *Mills Novelty Co. v. Dunbar,* 11 Ida. 671, 83 Pac. 932.)

The purpose and object of the law is to try lawsuits upon merits and not to dismiss cases upon technicalities which do not go to the merits of the case. (*Noback v. Scott,* 20 Ida. 558, 119 Pac. 295.)

George Herriott, for Respondent.

"A frivolous pleading or demurrer may be treated as a nullity, and a judgment may. be rendered on the pleadings, on motion, in most jurisdictions, as if no pleading had been filed." (31 Cyc. 609.)

"A denial which constitutes a negative pregnant, or which is evasive and does not squarely meet the allegations of the pleading to which it is directed, or one which takes issue on an immaterial matter, is frivolous." (31 Cyc. 611.)

"The object of pleading is to obtain a knowledge of the material facts of the case; and if it appears judicially to the court by the record that the matter pleaded is false or immaterial, the plaintiff may take his judgment as for want of plea." (*Thigpen v. Mississippi Cent. R. Co.*, 32 Miss. 347; *McMurray v. Gifford,* 5 How. Pr. (N. Y.) 14.)

"Where defendant's answer fails to deny .specifically the allegations of the complaint, as the code requires, plaintiff's motion for judgment on the pleadings must prevail." (*Hoffman v. New York L. E. & W. R. Co.*, 50 N. Y. Sup. Ct. 403.)

SULLIVAN, J.—This action was brought to remove a cloud from the title to lots 6 and 7 in block 3, of Turner's Addition to Kimberly, Twin Falls county, and for $1,000 damages.

It appears from the record that on or about January 30, 1912, plaintiff Welch, who is respondent here, and appellant Bigger, entered into a verbal contract for the exchange of the lots above described, owned by Welch, and certain real estate owned by Bigger in the town of Payette, Canyon county; that appellant Turner, who was cashier of a bank in Kimberly, was called upon to draw up a contract between Welch and Bigger for the exchange of said lots in accordance with the oral agreement, and he drew up two separate contracts in regard to the matter, neither of which contains the oral agreement entered into by Welch and Bigger; that it is admitted by both Welch and Bigger that said written contracts which were prepared upon printed forms do not con-

tain the essential features of the oral contract. It is claimed by Welch that Bigger was to procure an abstract of title of the Payette property and execute all of the papers necessary for the transfer of the same to the plaintiff during the week following January 30th, and pay him $700 in cash and assign to him a certain insurance policy and water stock in addition to a clear title to the Payette property.

It appears that the appellant Bigger failed to comply with the terms of said oral contract, and had filed for record in the county recorder's office of Twin Falls county the contract which was delivered to him by appellant Turner, on March 13, 1912. The allegations of the complaint show that said contract was procured to be signed by Welch through deceit and conspiracy of Bigger and Turner, and that Welch had confidence in Turner and took his word for what said contract contained and that he did not read it before signing. A short time after respondent learned that said written agreement had been filed for record, he brought this suit to remove the cloud from the title to said lots in Kimberly. The court overruled demurrers to the complaint. Thereafter the appellants each filed separate answers to the complaint in which they admit that the written contract so executed did not contain the essential features of the oral contract, to which answers demurrers were filed. After hearing the matter, the court sustained the demurrers and the appellants refused to answer further, whereupon the court granted respondent's motion for judgment on the pleadings and entered judgment and decree quieting the title to said lots in the plaintiff, and gave him a judgment for damages in the sum of $999. This appeal is from that judgment.

The appellants assigned as error the overruling of their demurrers to the complaint. The grounds of said demurrers were, first, that the complaint did not state facts sufficient to constitute a cause of action; second, that there was a misjoinder of parties defendant, and, third, that there was a misjoinder of causes of action. There is no merit in this assignment of error, as the complaint states a cause of

action; there is not a misjoinder of parties defendant, nor a misjoinder of causes of action.

The second assignment is that the court erred in sustaining plaintiff's demurrer to the answers and cross-complaints of defendants. It is conceded that the contract, which was the basis of this action, was oral, and was for the exchange of real property. This would place that contract within the statute of frauds and make it such a contract as could not be enforced. But it is contended by counsel for appellants that appellant Bigger proceeded to perform his part of said contract by paying off the mortgage on his own property and getting an abstract of title. The acts which it is contended Bigger did in regard to this matter are not such acts as would take the contract out of the statute of frauds. Therefore, since no action could be maintained for the enforcement of said oral contract, the court did not err in sustaining said demurrers to the cross-complaints. The answer denies by way of negative pregnant certain allegations of the complaint, but since it clearly appears from the record that the contract for the exchange of said real estate came within the statute of frauds, and could not be enforced, the cloud cast upon plaintiff's two lots by the recording of a purported contract that never was entered into was no defense whatever to this action. The denials in the answer were not sufficient to make an issue of fact. And the denial in the answers in regard to the amount of damages alleged to have been sustained by reason of appellant's filing for record a purported contract that had never been entered into was simply a denial that the plaintiff had sustained "damages in the sum of one thousand dollars." The answer does not deny that the plaintiff had sustained damages in the sum of $999. It simply denies that plaintiff sustained damages in the sum of $1,000. The denial in Bigger's answer is as follows: "And denies that by reason thereof the plaintiff has been damaged in the sum of one thousand dollars." And in appellant Turner's answer the denial is as follows: "The defendant further denies that the plaintiff has been damaged in the sum of one thousand dollars by reason of the acts of this

174                WELCH v. BIGGER.                [24 Idaho,

Opinion of the Court—Sullivan, J., on Petition for Rehearing.

defendant.'' Such denials would be an admission that the plaintiff had sustained damages in any sum less than $1,000, or an admission that plaintiff had sustained damages in the sum of $999. That, no doubt, was the view the trial court took of these denials.

From the whole record we are unable to find any reversible error in it, and for that reason the judgment must be *affirmed,* and it is so ordered, with costs in favor of respondent.

Ailshie, C. J., and Stewart, J., concur.

### ON PETITION FOR REHEARING.

(July 3, 1913.)

LIQUIDATED DAMAGES—PROOF OF—BEFORE JUDGMENT.

    1. In an action for unliquidated damages, judgment cannot be entered on motion even though no defense is disclosed by the answer, and unliquidated damages must be proved before judgment can be legally entered therefor.

SULLIVAN, J.—A petition for rehearing has been filed in this case and upon an examination of it the court is fully satisfied that it made an error in its former ruling in the original opinion in holding that there was no reversible error in the record.

The plaintiff claimed $1,000 as damages, which damages were unliquidated, and the trial court, without taking any evidence whatever in regard to the damages sustained by the plaintiff, entered judgment in his favor for the sum of $999, evidently holding that a denial in the answer to the effect that the plaintiff had been damaged in the sum of $1,000 was not sufficient to put the plaintiff upon his proof as to the amount of his damages, and that the court was authorized to assess the damages at anything less than $1,000, without taking any evidence.

It is held in 1 Black on Judgments, sec. 139, that it is erroneous for the court in an action on an unliquidated claim to proceed to render final judgment for a specific sum with-

out preliminary assessment of damages.    (2 Sutherland on Damages, secs. 427, 429, 430.)

The case of *Shattuc v. McArthur*, 25 Fed. 133, was based on a claim of $50,000 damages for libel, and it was insisted in that case that the answer contained no defense, and the court there held that if an action is on a contract where the damages are liquidated and certain and no defense is set up, judgment might be entered for the amount due as disclosed by the complaint, but where damages are unliquidated and uncertain, and no defense is disclosed by the answer, the damages, being unliquidated, must be proved, and until they are determined by proof, no judgment can be legally entered.

On a claim for unliquidated damages, it is error for the court on default to enter judgment for the damages claimed without requiring the plaintiff to prove the amount of damages he has sustained.    (See *Parke v. Wardner*, 2 Ida. 263, 285, 13 Pac. 172; *Idaho Placer Min. Co. v. Green*, 14 Ida. 294, 94 Pac. 161.)

We have therefore concluded to modify the original opinion in this case and remand the case for a new trial on the question of damages, and direct the trial court to permit the defendant to amend his answer, if he desires to do so, and to try the issue of damages as provided by law.    In all other respects the judgment of the trial court is affirmed.

Costs of this appeal are awarded to the appellant.

Ailshie, C. J., and Stewart, J., concur.