## SMITH *et al.* v. STATE *ex rel.* COLE, *Co. Atty.*

No. 6564.  Opinion Filed May 25, 1915.

Rehearing Denied June 22, 1915.

(149 Pac. 884.)

1. SCHOOLS AND SCHOOL DISTRICTS—Consolidated District— Petition for Election—Sufficiency.  The statute authorizing consolidated school districts contemplates the concurring of the petitions therefor as to the separate school districts to be included in the consolidated district, and, unless the petitions of the separate school districts to the county superintendent for an election to organize a consolidated district seek to include therein the same separate districts, the county superintendent is without authority to call an election for a consolidated school district.

2. SAME.  The county superintendent has no authority to call an election for the organization of a consolidated school district in any county in this state, without including therein each separate school district named in the petitions requesting such election and consolidation, and if the several petitions requesting the county superintendent to call such election do not name the separate districts to be included in the consolidated district, or do not concur in the separate districts to be included therein, then the petitions will be insufficient to authorize the county superintendent to call an election for the organization of any consolidated district; and, if he does so, such call will be void, and likewise an election and all proceedings in pursuance thereof.

3. SAME.  Where several separate school districts in a county petition the county superintendent to call an election for the organization of a consolidated school district in such county, and one of such petitions names the separate school districts desired to be included in the consolidated district, but the other petitions leave blank the names of such separate districts, the petitions are insufficient to authorize the county superintendent to call an election for a consolidated school district, and when in such case the superintendent calls an election to be held by the voters of only some of the separate districts named in the petitions therefor, and omits in said call other separate districts named in the petition and requested to be included in the consolidated district, such call and election and all the proceedings thereunder are void.

4. SAME—Call for Election—Quo Warranto.  The statute contemplates that a consolidated school district shall include all and only the separate school districts named in each petition therefor, and where there are several petitions to the county superintendent to call an election for the organization of a consolidated school dis-

trict in the county, one of which petitions names the specific separate districts to be included in the consolidated district and for which the election is requested to be called, and the other petitions do not name the separate districts to be included in the consolidated district, but leaves blank spaces for the names of the separate districts to be included in the consolidated district, and the county superintendent calls an election of the voters of the petitioning districts only, and does not include in such call one of the separate districts specifically named in the one petition to be included in the consolidated district, such call by the superintendent is unauthorized, and the election and pretended organization of a consolidated school district in pursuance of such call may be set aside, and the pretended officers of such district dislodged in proper **quo warranto** proceedings by the state.

5.  **PLEADING—Judgment on Pleadings.** In quo warranto proceedings by the state, ex rel. county attorney, to annul and set aside an organization claiming to be a consolidated school district in this state, the judgment of the trial court entered on motion for judgment on the pleadings, and declaring such consolidated district null and void, and the persons acting as officers of such district without legal rights, and decreeing the dissolution of said pretended district, will be sustained, where the uncontroverted and admitted facts appearing from the pleadings of both parties to the action show the statute authorizing consolidated districts has not been complied with.

(Syllabus by the Court.)

*Error from District Court, Pawnee County;*
*L. M. Poe, Judge.*

Action by the State, on the relation of R. S. Cole, County Attorney, against Murry Smith and others, to dissolve a consolidated school district. Judgment for plaintiff, and defendants bring error. Affirmed.

*McNeill & McNeill,* for plaintiffs in error.

*R. S. Cole,* Co. Atty. of Pawnee County (*L. V. Orton,* of counsel), for defendant in error.

BROWN, J. This action is in the nature of a *quo warranto* proceeding brought by the state, *ex rel.* county attorney of Pawnee county, Okla., to dissolve consolidated school district No. 4, against plaintiffs in error as the acting officers of such school district. A temporary in-

junction was issued on the petition of plaintiff, enjoining the defendants below from performing any acts as officers of said school district, and thereafter, on motion of defendants, the temporary injunction was set aside, except that portion thereof which restrained defendants as such officers from disposing of any of the property belonging to the original districts from which said alleged consolidated district No. 4 was created and organized. The defendants having answered, the case came on for hearing, whereupon the county attorney moved for judgment on the pleadings in favor of the state, which motion was sustained and judgment rendered May 6, 1914, wherein the court found that said consolidated school district was not legally organized, and it should be set aside, and it was so ordered and decreed, and costs adjudged against the defendants. From this judgment, the defendants below prosecute error on two assignments, viz.:

"That the court erred in sustaining the motion of plaintiff for judgment on the pleadings.

"Said court erred in rendering judgment in favor of the plaintiff and against the defendants, for the reason that the petition of the plaintiff did not state a cause of action in favor of the defendant in error and against plaintiffs in error."

Both assignments present practically the same question and may be considered together.

We will refer to the respective parties as plaintiff and defendants in the relation they occupied in the trial court.

Plaintiff's case was presented by an amended petition filed by relator R. S. Cole, county attorney of Pawnee county, Okla., in practically two counts, the first alleging, in substance, that consolidated school district No. 4 of Pawnee county was an organization pretending and claiming to be a consolidated school district in said Pawnee county, Okla., and created by the consolidation of school

districts Nos. 5, 15, 19, and 63, in said Pawnee county, and that there never was any legal election called or held for the purpose of the consolidation of said school districts Nos. 5, 15, 19, and 63, in said county, which it was claimed had been merged into said pretended consolidated school district No. 4; and that Murry Smith, E. L. Walls, and Gill Towner were illegally claiming to be duly elected officers of said pretended consolidated school district and were illegally acting as such. The petition then further alleged the petitions to the county superintendent, and his action thereon, and, in substance, that all the proceedings for a consolidated school district in said county were irregular and void. Plaintiff prayed that consolidated district No. 4 be decreed to have no legal existence and to be null and void, and that the defendants be adjudged to have no right or authority to act in the premises, and that they be enjoined from so acting as officers of said pretended organization, and for costs of the action.

Defendants answered by a general denial of the allegations of plaintiffs' petition, except as therein admitted, and alleged and specifically set forth the proceedings by which it (consolidated school district No. 4) was organized, viz.: In substance, that 50 per cent. of the legal voters in each of original school districts Nos. 5, 15, 19, and 63, in Pawnee county, presented and filed with the county superintendent of said county their respective petitions and requests to call a meeting for the purpose of consolidating such respective district with other school districts named in said petition. Copies of the several petitions were attached to defendants' answer and made a part thereof. The answer further alleges that, after receipt of said petitions by the county superintendent, he called a meeting of the voters of said districts Nos. 5, 15, 19, and 63, to be held March 4, 1914, at the schoolhouse at Skidee, in district No. 19, for the purpose of then and there determining whether school districts Nos. 5, 15, 19,

and 63 should be consolidated into consolidated district No. 4, in said county. A copy of said call is attached to the answer and made a part thereof. It is further alleged that a copy of said call was duly posted in each of the districts 5, 15, 19, and 63 for at least ten days prior to March 14th, and that no newspaper was published within said district, and for that reason publication of said notice was not made in any newspaper. The answer further alleges that on March 14, 1914, the day fixed for the called meeting, the legal voters of districts 5, 19, and 63 met at Skidee, in school district No. 19, when and where an election was had and resulted in a majority of votes cast in favor of consolidating said districts, above mentioned, into consolidated district No. 4; and that the defendants Smith, Walls, and Towner were then and there duly elected the officers of said consolidated district. A copy of the minutes of said meeting or election is attached to the defendants' answer and made a part thereof. The prayer of the answer was that plaintiff take nothing by reason of the suit, and that the temporary injunction be modified so as to permit defendants to proceed with the organization of said school district for the purpose of providing a suitable house, and to make provisions for the education of the children of said consolidated district No. 4, and for costs of the action.

Both petition and answer contained other specific allegations, but we think a more detailed statement thereof unnecessary, and that sufficient has been stated upon which to base our conclusion.

The court having rendered judgment upon the pleadings makes it necessary to examine the pleadings of both parties and determine whether the uncontroverted and admitted facts alleged therein sustain and support the court's judgment.

Article 7, c. 219, Sess. Laws 1913, prescribes what is necessary for the creation and organization of a consoli-

dated school district.   Section 1 of said act provides as
follows:

"A meeting of the voters of any two or more adjacent
school districts, or parts of districts or territory, may be
called for the purpose of voting on the proposition of
uniting with the other adjacent districts, for the purpose
of establishing a consolidated school, said call to be made
by the county superintendent of public instruction, upon
petitions signed by one-half of the legal voters residing in
each district of the territory proposed to be included in
the consolidated district.   The meeting shall be held at
some convenient point to be named by such county super-
intendent.   Notices of said special meeting shall be posted
in at least five public places in each of the districts, or
parts of districts, proposed to be consolidated, and also
by publication, for at least two consecutive weeks in a
weekly paper, if same be published in the school district,
and in addition thereto, notices of said special meeting
shall be mailed by such county superintendent to each
voter residing in the districts proposed to be consolidated.
The meeting shall have authority to elect a chairman and
secretary.   If a majority of the votes cast at said special
meeting shall be in favor of   *   *   *   consolidation, they
shall then proceed to elect a director, clerk and member of
such consolidated district, and the clerk of said special
meeting shall thereupon make a written report of such
action to the county superintendent of public instruction
of the county in which the said districts are located.   No
consolidated district shall be formed containing an area
of less than twenty-five square miles and an assessed val-
uation of less than three hundred thousand dollars.
*   *   *  "

Section 2 provides:

"The county superintendent of public instruction
shall, upon receipt of the report, as provided in the pre-
ceding section, declare said districts disorganized, and the
consolidated district organized, to form a consolidated dis-
trict composed of the several districts voting to unite.
*   *   *  "

Section 8 provides that at the special meeting referred
to, a director, a clerk, and member of the school board
shall be elected.

It will be observed the first step to be taken in the organization of a consolidated school district is the presentation to the county superintendent of petitions in writing signed by at least one-half of the legal voters in each district desiring a consolidation, naming the other districts with which it desires to be consolidated, and requesting such county superintendent to call a meeting of the voters of the several districts with which it is stated in the respective petitions a consolidation is desired, and that upon the receipt of such petition it is the duty of the county superintendent to call a meeting of the voters in each separate district, named in the petitions, to be held at some convenient place in the proposed consolidated district to determine whether such consolidated district shall be created.

It is apparent from the provisions of section 1 of the act a consolidated school district can only be created where such is the mutual desire of each district to be included therein as expressed in the petitions filed with the superintendent requesting a call of the meeting for the purpose of consolidation, and, if the respective petitions filed with the superintendent do not seek a consolidation of such district with each of the other petitioning districts, then the county superintendent has no authority to call a meeting for consolidation purposes or for the consolidation of a district to be composed of separate districts other than as requested in each of such separate petitions. To illustrate: The petition of school district No. 5, presented and filed with the county superintendent of Pawnee county, requested him to call a meeting for determining whether said district No. 5 should be consolidated with districts Nos. 15, 19, and 65 in said Pawnee county, Okla., and in such petition district No. 63 is not mentioned, whereas the petitions presented by districts 19, 15, and 63 requested the county superintendent to call a meeting of the voters in districts 5, 15, 19, and 63 "for the purpose

of voting on the proposition of consolidating school districts number ———, number ———, number ——— and number ——— of Pawnee county, into a consolidated school district," and in these last-mentioned petitions school district No. 65 is not mentioned. On the receipt of the several petitions stated, the county superintendent proceeded to issue his call for a meeting of the voters in school districts 5, 15, 19, and 63, for the purpose of determining whether these districts alone would be consolidated, and thus ignoring the request in the petition of district No. 5 that school district No. 65 be included in the call and in the proposed consolidated district, and in which district No. 63 is not mentioned. A report of the meeting held in pursuance of the county superintendent's call shows the same was participated in by the voters of districts Nos. 5, 15, 19, and 63, without any mention or reference to the voters in district No. 65. Neither is it shown what number of voters in district No. 5 participated in said meeting and election, or that any of the petitioning members or voters of said district were present or voting in such meeting, or, if they did, whether they voted for or against such consolidation.

We think, since the several petitions presented to the county superintendent did not show a desire of each of such districts to incorporate alone with each of the other petitioning districts, the county superintendent was without any authority to call a meeting for any consolidated district. The law contemplates that consolidated school districts shall be harmonious, and no discretion is vested in the county superintendent to call a meeting looking to the organization of a consolidated district unless such call is requested by each separate district to be affected. The petition from district No. 5 specifically requested the county superintendent to call a meeting and to include in his call district No. 65, and the petition plainly manifested a willingness to be incorporated with districts 65, 19, and

15 only, and that these districts alone should constitute consolidated district No. 4. The other petitions did not state what districts they desired to be included in the consolidated district. The provisions of sections 1 and 2, we think, are mandatory upon the county superintendent, and, without a compliance therewith, he had no jurisdiction or right to act in the premises, and that, in this instance, his action in calling the meeting was void, and all the proceedings thereunder were likewise void.

School district No. 5 and the petitioners from that district may have had a special reason for desiring a consolidation with the different districts including district No. 65 to the exclusion of district No. 63. It may be that in district 65 there is a splendid schoolhouse centrally located, sufficient and convenient to accommodate a consolidated district composed exclusively of districts Nos. 5, 15, 19, and 65, and thus the expense of building an additional schoolhouse be avoided, which might have been necessary by the exclusion of No. 65. Indeed, consolidation with district No. 65 may have been the moving incentive to the petitions of district No. 5 and their reason for including districts 19 and 15 with itself and 65 may have been necessary to acquire the necessary territory or taxable value required by the law to be included in a consolidated district. But it is unnecessary to inquire into the reasons why district No. 5 desired district No. 65 instead of No. 63 to be included with it in the consolidated district. The county superintendent had no authority to ignore its express desire and request.

The defects we have referred to appeared from the exhibits attached to the defendants' answer, which were admitted by plaintiff's reply to be correct, and, in our opinion, sustain the allegations of the petition that no sufficient petitions were filed with the county superintendent and no legal meeting was called or held, and the judgment of the district court holding the organization of consoli-

dated district No. 4 was void and the judgment dissolving the district is sustained by the pleadings.

Plaintiffs in error cite a number of authorities holding that, where the petition in *quo warranto* proceedings set out specific grounds for annulling a municipal corporation, the burden is on the plaintiff to prove the specific grounds alleged, and that, in such case, where the answer of the defendants denied the allegations of the petition, a judgment on the pleadings cannot be had. But in the case of *People ex rel. Skelton v. City of Los Angeles*, 133 Cal. 338, 65 Pac. 749, which seems to be one of the leading authorities relied on by plaintiffs in error, the court say:

"It is undoubtedly true that the state may charge a [municipal] corporation with the usurpation of a franchise in general terms, and call upon it to allege and prove the facts showing its right, and thus place the burden upon the defendant."

This the plaintiff below did in paragraphs 1, 2, and 3 of the petition.

In the case before us, however, vital defects are shown in defendants' answer and the exhibits thereto.

Plaintiffs in error also cite numerous authorities on the proposition contended for, but consideration thereof is unnecessary, since our conclusion herein is based upon noncompliance with the statute appearing from the admitted and uncontroverted facts in the pleadings of both parties in the court below.

The judgment of the district court is, therefore, affirmed.

All the Justices concur.