## SCHUBER et al. v. McDUFFEE et al.

No. 7068—Opinion Filed Oct. 30, 1917.

Rehearing Denied Jan. 8, 1918.

(169 Pac. 642.)

(Syllabus.)

**1. Appeal and Error—Judgment on Pleadings—Motion for New Trial—Necessity.**

Where judgment is rendered on the pleadings, a motion for new trial is neither essential nor proper, and error assigned upon the overruling thereof presents nothing for review in the Supreme Court.

**2. Pleading—Demurrer—Motion to Strike —Waiver of Error.**

Where motion to strike and demurrer were sustained to an answer, and defendants obtained leave to and thereafter filed an amended answer, repleading the matter eliminated the error, if any, in the order sustaining the motion and demurrer was waived.

**3. Pleading — "Motion for Judgment on Pleadings"—Nature and Effect.**

A motion for judgment on the pleadings is in the nature of a demurrer, and has the effect of testing the sufficiency of the pleadings and presenting to the court as a question of law whether the facts alleged constitute a defense to the plaintiff's cause of action.

**4. Same—Effect of Admissions.**

Although the answer of defendants contained a general denial, this was qualified by other allegations therein contained which admitted all the essential facts necessary to authorize a judgment in plaintiff's favor, and it was not error to sustain a motion for judgment on the pleadings.

**5. Banks and Banking—Loan in Violation of Law—Validity.**

Where a bank made a loan to its officers in violation of section 270, Rev. Laws 1910, the loan was not void as between the bank and the debtor, who cannot defeat a recovery by the bank upon that ground.

**6. Mortgages—Assumption by Purchaser— Existence of Debt—Consideration.**

One who purchases property subject to a mortgage thereon, and expressly assumes the payment of the mortgage indebtedness, cannot deny the existence of such indebtedness or the amount thereof, neither can he question the consideration therefor.

Error from District Court, Alfalfa County; James W. Steen, Judge.

Action by G. J. McDuffee against D. S. Schuber, Reinhard Meier, and others. Judgment for plaintiff, and defendants Schuber and Meier bring error. On the death of plaintiff, judgment and proceedings in error revived in name of H. P. McDuffee, administrator. Affirmed.

See, also, 59 Okla. 253, 158 Pac. 895.

J. P. Evans, for plaintiffs in error.

Titus & Talbot, for defendants in error.

HARDY, J. This action was commenced in the district court of Alfalfa county by G. J. McDuffee against J. L. Blanchard, Nellie F. Blanchard, D. S. Schuber, and Reinhard Meier to recover upon certain promissory notes executed by J. L. and Nellie F. Blanchard to Byron State Bank, and foreclosing a certain real estate mortgage given to secure same, which notes and mortgage were duly assigned to M. A. Blanchard, and by him assigned to G. J. McDuffee prior to the filing of this suit. Defendants J. L. and Nellie F. Blanchard answered, admitting the execution and delivery of said notes and mortgage, and admitted the balance due thereon and prayed a foreclosure of said mortgage be had, and any deficiency after a sale of the property be made off defendants Schuber and Meier. Defendants Schuber and Meier answered by way of general denial, and alleged that defendant J. L. Blanchard induced them to purchase said property by fraudulently misrepresenting its value; that the mortgage sued upon was not assigned for value; that plaintiff did not purchase same for value or in due course; that the deed in which it was recited that the said defendant assumed the payment of said mortgage was not executed on the date alleged, but was, in fact, executed and delivered on a later date; and that at the time J. L. and Nellie Blanchard procured the loan represented by said notes and mortgage they were officers and stockholders of said bank, and by reason thereof said loan was prohibited by law and the notes and mortgage were void. Plaintiff filed motion to strike certain portions of this answer and demurred thereto. The motion and demurrer were by the court sustained, whereupon defendants asked and were granted time to file amended answer, and thereafter, on August 10th, amended answer was filed, which, in substance, alleged the same matters set out in the original answer. Motion to strike portions of the amended answer and demurrer thereto

were filed, and by agreement of parties the ruling of the court upon the motion and demurrer to the original answer was set aside and said motion and demurrer considered as filed to the amended answer, and upon consideration were by the court sustained. The ruling on the motion to strike eliminated from the answer of defendants a portion of the allegations of fraud alleged to have been made by J. L. Blanchard to induce said defendants to purchase said property, also the allegations that the notes and mortgage had not been assigned by the payee to M. A. Blanchard or by M. A. Blanchard to plaintiff for value, or that plaintiff was the holder for value, and also that portion alleging that the notes and mortgage were void because executed in violation of the banking laws of the state. On the 21st of August, 1914, motion for judgment on pleadings was sustained, and judgment rendered for plaintiff for the amount claimed and decreeing the foreclosure of said mortgage, from which judgment defendants Schuber and Meier prosecute this appeal.

The judgment appealed from was rendered on the pleadings, and a motion for new trial was neither essential nor proper, and an assignment of error predicated thereon presents nothing for review. Dun v. Claunch, 15 Okla. 27, 78 Pac. 388.

When defendants asked leave to file amended answer after motion and demurrer thereto were sustained, and in pursuance of the leave granted filed an amended answer, the error, if any, in the action of the court in sustaining the motion and demurrer to the original answer was waived. Wallace v. Blasingame, 53 Okla. 198, 155 Pac. 1143; Guess v. Reed, 49 Okla. 124, 152 Pac. 399; Campbell v. Thornburgh, 57 Okla. 231, 154 Pac. 574.

The judgment being rendered upon the motion therefor, the motion for judgment was in the nature of a demurrer, and had the effect of testing the sufficiency of the pleadings and presenting to the court a question of law whether the facts alleged constituted a defense to the plaintiff's action. Peck v. First Nat. Bank, 50 Okla. 252, 150 Pac. 1039.

If the amended answer set up any defense to plaintiff's action, or alleged any issuable fact which defendants were entitled to have determined at the trial, the judgment of the court cannot be upheld. On the contrary, if there was no fact in issue and no defense stated to the plaintiff's petition, the ruling of the court was correct and the judgment should be affirmed. In support of the judgment, defendants in error contend that the answer admitted every essential fact necessary to establish plaintiff's cause of action, and therefore there was nothing which plaintiff was required to prove.

The cause of action as stated was one for judgment upon certain promissory notes and for foreclosure of a mortgage given to secure the payment of same. The notes and mortgage were executed by J. L. and Nellie Blanchard, and the property described therein had been conveyed by warranty deed to defendants, who assumed the payment of said indebtedness, as appears by a recital in the deed of conveyance. Although the answer of defendants contained a general denial, this was qualified by other allegations therein contained, which had the effect of admitting the execution and delivery of the notes and mortgage sued upon and of the deed, which contained a recital that the indebtedness secured by said mortgage was assumed by said defendants. Pugh v. Stigler, 21 Okla. 854, 97 Pac. 566; Atkins v. Arnold, 32 Okla. 167, 121 Pac. 186; Long v. Shepard, 35 Okla. 489, 130 Pac. 131; De Groat v. Focht, 37 Okla. 267, 131 Pac. 172; Acton v. Culbertson, 38 Okla. 280, 132 Pac. 812; Chambers v. Kirk, 41 Okla. 696, 139 Pac. 986.

It was alleged, in substance, that said defendants deny that on the 7th day of April, 1913, the said J. L. and Nellie Blanchard executed and delivered to said defendants their warranty deed conveying said premises, but that in truth and in fact said deed was made, executed, and delivered on the 27th day of June, 1913. This allegation constituted a negative pregnant which admitted the execution and delivery of the deed in question, but denied that it was executed on the 7th day of April, 1913. Spencer v. Turney & Co., 5 Okla. 683, 49 Pac. 1012; Barnum v. Kennedy, 21 Kan. 181.

The exact date of its execution was not a material issue. By admitting the execution of said deed they dispensed with proof thereof. St. L. & S. F. Ry. Co. v. Lindsey, 39 Okla. 439, 135 Pac. 1053.

To avoid the legal effect of the admission that said deed had been executed and delivered, defendants attempted to set up three affirmative defenses; first of which was that they were fraudulently induced to purchase the mortgaged premises by defendant, J. L. Blanchard. The answer nowhere alleges that the Byron State Bank was a party to the alleged fraud, neither does it allege

that M. A. Blanchard or the plaintiff were parties thereto. The allegations of fraud relate to misrepresentations claimed to have been made by J. L. Blanchard, as owner of the mortgaged property, to defendants, as prospective purchasers thereof, respecting the value of the property. These alleged fraudulent misrepresentations had nothing to do with the execution of the notes and mortgage, but were made more than a year after same had been executed. Whatever may have been the effect of these allegations as against defendant J. L. Blanchard, and whatever right of action they may have conferred upon defendants against said defendant Blanchard, it is clear that they do not constitute a defense to the notes and mortgage sued upon. Blanchard owned the property and executed the mortgage to the bank, which was ultimately transferred to plaintiff, and more than a year thereafter defendants purchased said property and assumed and agreed to pay the mortgage. In their answer they admitted the execution of said mortgage and of the deed under which they assume to pay said mortgage, and the fraud complained of simply amounts to an allegation that Blanchard, who was the original mortgagor, fraudulently induced him to purchase said property by misrepresenting its value.

As a second affirmative defense it was alleged that plaintiff was not the holder of said notes in due course or as an innocent purchaser. The purpose of this defense was apparently to show that defendant was not precluded from making the defenses which he attempted to set up. It appears from the record that the indebtedness was due prior to the date of the first assignment by the bank to M. A. Blanchard, and plaintiff did not claim to be an owner and holder of said instruments in due course and without notice. There was then no issue presented by this defense. It was no concern of these defendants whether the assignments were made for value or not. Their interest in this regard is satisfied when they are furnished with a valid release or satisfaction of the indebtedness represented thereby, and no consideration need be shown for such transfers. If the holder of such an instrument desires to make a gift of such paper, he has a legal right so to do, and the fact that he may make a transfer thereof without consideration is no defense to an action thereon. Gamel v. Hynds et al., 34 Okla. 388, 125 Pac. 1115, Ann. Cas. 1914C, 233; First Nat. Bank v. Jeffrey et al., 27 Okla. 702, 113 Pac. 710; Boline v. Wilson, 75 Kan. 829, 89 Pac. 678; Geisreiter et al. v. Sevier,

33 Ark. 522; Shane et al. v. Lowry, 48 Ind. 205.

The denial in the pleading is that they were executed and delivered for value. This, in effect, admitted the execution of the instrument, but denied that they were executed for value, and the admission thus made supersedes the general denial and obviates the necessity for proof of the execution of such assignments. Spencer v. Turney, supra; Jackson v. Greene et al., 13 Okla. 314, 74 Pac. 502; Barnum v. Kennedy, 21 Kan. 181; Tate v. People, 6 Colo. App. 202, 40 Pac. 471; Thompson v. Hamilton Motor Co., 170 Cal. 737, 151 Pac. 122, Ann. Cas. 1917A, 677; Welch v. Bigger et al., 24 Idaho, 169, 133 Pac. 381.

The third defense was that defendants J. L. and Nellie Blanchard were stockholders and managing officers of the bank at the time they borrowed the money represented by said notes and mortgage, and that, as the laws prohibited the officers of a bank from borrowing therefrom, the notes and mortgage were void and unenforceable. Assuming the truth of these allegations, the facts alleged constituted no defense to the plaintiff's action. The law prohibiting banks from loaning money to its officers was for the protection of its stockholders and depositors, and a violation of the law in this respect can only be availed of at the instance of the state, and such a loan between the bank and borrower is not invalid, and the amount so loaned may be recovered. Ewing et al. v. Board of Co. Commissioners et al., 53 Okla. 250, 156 Pac. 229; Brittan v. Oakland Bank & Savings Co., 124 Cal. 282, 57 Pac. 84, 71 Am. St. Rep. 58; Mills Co. Nat. Bank v. Perry, 72 Iowa, 15, 33 N. W. 341, 2 Am. St. Rep. 228; Union Nat. Bank v. Matthews, 98 U. S. 621, 25 L. Ed. 188; Jones v. N. Y. Guaranty & Ind. Co., 101 U. S. 622, 25 L. Ed. 1030.

The liability of defendants arose from the fact that they assumed the payment of the mortgage indebtedness in the deed by which title to the property was transferred to them, and having admitted the execution and delivery of this deed they are estopped to deny the existence of said indebtedness or the amount thereof, and they cannot defend against the mortgage which they assumed to pay on the ground that it was made without consideration, for it does not matter whether there was any legal obligation upon the original mortgagor to pay same or not, as defendants having undertaken to pay it, the amount thereof entered into and became a part of the con-

sideration for the purchase of the property embraced therein. Jones v. Perkins, 43 Okla. 734, 144 Pac. 183; U. S. Bond & Mortg. Co. v. Keahey, 53 Okla. 176, 155 Pac. 557, L. R. A. 1917C, 829; Midland Sav. & Loan Co. v. Neighbor et al., 54 Okla. 626, 154 Pac. 506; Midland Sav. & Loan Co. v. Sheil et al., 57 Okla. 338, 157 Pac. 80.

The execution of the notes and mortgage sued upon being admitted, and the delivery and acceptance of the deed of conveyance by which defendants Schuber and Meier obtained title thereto subject to the payment of the mortgage thereon being also admitted, and a deed containing a recital that the payment of said indebtedness was assumed by said defendants, the court committed no error in sustaining the motion for judgment on the pleadings. Long v. Shepard, supra; Page Woven Wire Fence Co. v. Allen, 31 Okla. 155, 120 Pac. 638; Marshall Mfg. Co. v. Dickerson, 55 Okla. 188, 155 Pac. 224; Chambers v. Kirk, supra; Smith v. State, 47 Okla. 682, 149 Pac. 884.

The judgment is affirmed.

All the Justices concur except BRETT, J., absent.