STOUDT, RESPONDENT, *v.* HANSON, APPELLANT.

(No. 4,666.)

(Submitted February 2, 1922. Decided February 27, 1922.)

[205 Pac. 253.]

*Promissory Notes—Statute of Limitations—Absence of Defendant from State — Computation of Period of Limitation — Pleading—Denial—Negative Pregnant—Directed Verdict—When Proper.*

Promissory Notes—Limitations of Actions—Absence of Defendant from State—Computation of Period of Limitation.

1. Under section 9048, Revised Codes of 1921, where defendant in an action on a promissory note is out of the state at the time the cause of action accrued, the bar of the statute of limitation does not commence to run until after his return, and if he thereafter intermittently leaves and returns to the jurisdiction, the time of his absence must be deducted from the limitation of eight years fixed by section 9029, in order to determine whether the full period has expired, *i. e.,* defendant's presence in the state must aggregate the full statutory period to constitute a bar.

Same—Attorney's Fee—Reasonableness—Denial—Negative Pregnant.

2. Plaintiff in his action on a promissory note alleged that $100 was a reasonable attorney's fee, the answer denied that $100 was a

[62 Mont. 422.]

reasonable fee, but did not allege what defendant deemed a reasonable fee. *Held*, that the denial was pregnant with the admission that $100 was a reasonable fee, did not raise any issue of fact and therefore did not require submission of the question to the jury for its determination.

Same—Directed Verdict—When Proper.
    3.   In a suit on a note in which the undisputed facts showed that plaintiff's right of action was not barred by the statute of limitations as alleged, and there was no issue on the question as to a reasonable attorney's fee provided for in the note, a directed verdict in favor of plaintiff was proper.

*Appeals from District Court, Silver Bow County; Joseph R. Jackson, Judge.*

ACTION by Edward E. Stoudt against J. P. Hanson. From a judgment for plaintiff, and an order denying defendant's motion for a new trial, he appeals. Affirmed.

Cause submitted on briefs of Counsel.

*Mr. J. J. McCaffery,* for Appellant.

Citing: *Palmer* v. *Shaw,* 16 Cal. 93; *Fau* v. *Roberdeaux,* 3 Cranch (U. S.), 174, 2 L. Ed. 402; *Whitton* v. *Wass,* 109 Mass. 40; *Powell* v. *Koehler,* 52 Ohio St. 103, 49 Am. St. Rep. 705, 26 L. R. A. 480, 39 N. E. 195; *Braun* v. *Sauerwein,* 77 U. S. 895, 19 L. Ed. 218 [see, also, Rose's U. S. Notes]; *May's Heirs* v. *Slaughter,* 3 A. K. Marsh. (Ky.) 505; *Smith* v. *Harrow,* 3 Bibb (Ky.), 446; *Ralls* v. *Hughes,* 1 Dana (Ky.), 407.

*Mr. N. A. Rotering,* for Respondent.

Citing: *Rogers* v. *Hatch,* 44 Cal. 280; *Knox* v. *Gerhauser,* 3 Mont. 267; *Dougall* v. *Schulenberg,* 101 Cal. 154, 35 Pac. 635; *Todman* v. *Purdy,* 5 Nev. 238; *Conlon* v. *Lanphear,* 37 Kan. 431, 15 Pac. 600; *Stanley* v. *Stanley,* 47 Ohio St. 225, 21 Am. St. Rep. 806, 8 L. R. A. 333, 24 N. E. 493; *Holley* v. *Coffee,* 123 Ala. 406, 26 South. 239; 17 R. C. L. 845; *Gibson* v. *Simmons,* 77 Kan. 461, 94 Pac. 1013; *McKee* v. *Dodd,* 152 Cal. 637, 125 Am. St. Rep. 82, 14 L. R. A. (n. s.) 780, 93 Pac. 854; *Whitcomb* v. *Keator,* 59 Wis. 609, 18 N. W. 469.

MR. CHIEF COMMISSIONER STARK prepared the opinion for the court.

This is an action on a promissory note. The complaint which was filed August 3, 1919, is in the usual form, and alleges that on April 10, 1908, at Butte, Montana, the defendant made, executed and delivered to the plaintiff his promissory note for the sum of $130, payable ninety days after date, bearing interest at the rate of one per cent per month from date until paid, and providing for reasonable attorney's fees in case of suit thereon; that demand had been made upon the defendant for payment, but "that no part of the same has been paid. Paragraph 3 alleges that $100 is a reasonable attorney's fee for the institution of this action." The prayer is for the amount of the note and interest and $100 attorney's fee.

The answer admits the execution and delivery of the note, that the same has not been paid, and in paragraph 3 "denies each and every allegation contained in paragraph 3 of said complaint." As a separate defense the answer avers that plaintiff's right of action on the note is barred by the provisions of section 6445 (sec. 9029, Rev. Codes 1921) of the Revised Codes of 1907. To this answer the plaintiff filed a reply denying that the action was barred under the statute, for the reason that between the tenth day of April, 1908, and the third day of August, 1919, the defendant departed from the state of Montana and was absent therefrom on various occasions aggregating more than five and one-half years, and that the time of said absences is no part of the time limited for the commencement of an action on said note.

The case was tried before a jury. A competent witness testified that $75 was a reasonable attorney's fee for the institution and prosecution of the action.

The defendant himself, called as a witness on behalf of the plaintiff, testified that he left Butte in April, 1908, and was gone until September of that year, when he returned and remained until April, 1909; that between April 10, 1908, and

August 3, 1919, he was absent from Montana on many occasions and for periods of time aggregating more than four and one-half years.

The plaintiff testified that he had made frequent demands upon defendant for payment of the amount of the note, but that the same had not been paid. Thereupon the plaintiff offered the note sued upon in evidence and rested his case.

The defendant in his behalf then showed that the complaint in the action was filed with the clerk of the court on August 3, 1919, and rested. Whereupon counsel for plaintiff moved the court to direct the jury to return a verdict for the plaintiff for the amount of the note and interest, with the sum of $75 attorney's fees, for the reason that it was admitted by the pleadings that the defendant made, executed and delivered the note to the plaintiff, that the same had not been paid, although demand had been made therefor, that the uncontradicted evidence showed that $75 was a reasonable attorney's fee for the commencement and prosecution of the case, and that there was no evidence in the case proving or tending to prove that the cause of action was barred by the statute of limitations. This motion was sustained, and the jury, having been instructed in accordance therewith, returned a verdict upon which judgment was entered in favor of plaintiff and against defendant for the sum of $130, with interest at one per cent per month from April 10, 1908, and the further sum of $75 attorney's fees, with costs of suit. Motion for new trial was duly made, and, having been overruled, the defendant has brought the case to this court on appeal from the judgment and the order denying his motion for a new trial.

The only question for our consideration is: Did the court err in sustaining plaintiff's motion for a directed verdict? [1] Defendant contends that, since he was out of the state of Montana on July 10, 1908, when the cause of action accrued on the note, and returned to Montana in September, 1908, the statute of limitations began to run on the last-mentioned

date, and that his subsequent absences from the state did not toll the statute. If this is true, then the right of action would have been barred in September, 1916—eight years after his first return. (Section 9029, Rev. Codes 1921.) To support his contention defendant relies upon section 6458, Revised Codes of 1907 (sec. 9048, Rev. Codes 1921), which reads as follows: "If when the cause of action accrues against a person, he is out of the state, the action may be commenced within the term herein limited, after his return to the state, and if, after the cause of action accrues, he departs from the state, the time of his absence is not part of the time limited for the commencement of the action."

There are a few early cases which sustain the defendant's contention that the second clause of the section has no application to a person who is absent from the state when the cause of action accrues, but the better reasoning, as well as the great weight of authority, is to the contrary.

The first clause of this section originated in an old English statute (4 Ann., Chap. XVI, sec. XIX), and was adopted in Massachusetts as early as 1786, and in New York in 1788. The second clause was added to the New York statute at a later date, and was subsequently adopted in Massachusetts. In the case of *Milton* v. *Babson,* 6 Allen (Mass.), 322, the reason for, as well as the occasion of, adopting the second clause in Massachusetts is fully set forth: "As the law stood prior to the enactment of the Revised Statutes (Stats. 1786, c. 52, § 4) the statute of limitations did not begin to run in favor of a person, who at the time the cause of action accrued against him was without the limits of the commonwealth, until his return within the state. * * * Doubts and difficulties had arisen under the old statute in ascertaining what should be deemed a return or coming within the state, in the sense of the statute, sufficient to cause the period of time necessary to bar an action to begin to run. To do away with the embarrassment which had thus arisen in interpreting the old

statute, the second clause * * * was inserted. That this was the object of the alteration is apparent from the report of the commissioners on the Revised Statutes, who recommended the amendment in the precise form in which it was adopted. * * * They say, 'The latter part of this section is taken from the New York Code. The courts have felt bound to allow some latitude of construction as to what shall be considered a return into the commonwealth, within the intent of Stats. 1786, c. 52; 3 Mass. 271; 1 Pick. 263; and the precise limits of the rule in that respect are left undefined and uncertain. By the proposed alteration all doubt on the point will be removed, as the debtor must remain within the state during the whole period prescribed for the limitation, in order to avail himself of its provisions.' This serves to make the intent of the legislature * * * perfectly clear. A return into the commonwealth was no longer to be sufficient of itself to cause the period of limitation to commence and to continue to run till the bar should become complete, but * * * such return was to be followed by six years' residence in the state in order to bar an action. * * * '' Summing up the entire case, the court says: ''By the first clause, the period of limitation does not begin to run till the debtor, whether foreigner or resident, if out of the state when the cause of action accrues, comes within the state; by the second clause, if after he comes into the state, so that the time of the statute bar begins to run, he is absent, the time of his absence is to be deducted, in order to ascertain whether the full time limited has expired.''

The construction of this statute thus announced has been followed and adopted in a great number of cases, among which we cite: *Whitcomb* v. *Keator,* 59 Wis. 609, 18 N. W. 469; *Stanley* v. *Stanley,* 47 Ohio St. 225, 21 Am. St. Rep. 806, 8 L. R. A. 333, 24 N. E. 493; *Todman* v. *Purdy,* 5 Nev. 238; *Davis* v. *Marshall,* 37 Vt. 69; *Conlon* v. *Lanphear,* 37 Kan. 431, 15 Pac. 600; *Gibson* v. *Simmons,* 77 Kan. 461, 94 Pac.

1013; *McKee* v. *Dodd,* 152 Cal. 637, 125 Am. St. Rep. 82, 14 L. R. A. (n. s.) 780, 93 Pac. 854.

Any other rule would not be supported by reason. If the construction contended for by appellant were adopted, a person absent from the state when the cause of action accrued by coming into the state and remaining for a brief period could start the statute running against him, which in the statutory period would become a complete bar, although he might in fact be out of the state during nearly the whole period, while one present in the state when the cause accrued, would be obliged to remain in the state during the full term prescribed in order to avail himself of the bar of the statute. "A construction involving a conclusion so unreasonable, and leading to a result which makes the practical operation of the statute so manifestly unequal and unjust, cannot be supported unless required by language too clear to admit of any other interpretation." (*Whitcomb* v. *Keator, supra.*)

In 17 Ruling Case Law, page 844, section 205, referring to the provisions of statutes like the one under consideration, the writer uses this language: "It is generally held that the time of the debtor's temporary presence in the state must aggregate the statutory period to constitute a bar, since the running of the statute ceases as soon as the defendant departs from the state."

And in *Knox* v. *Gerhauser,* 3 Mont. 267, which case involved a construction of the second clause of the section in question, it was decided: "That the successive absences of a person from the state must be aggregated together and deducted from the whole time which has elapsed since the cause of action accrued, and the remainder is the time the statute of limitations has run."

Under the above authorities we hold that the plaintiff's right of action on the note in suit was not barred by the statute, because the defendant had not been in the state of Montana

[62 Mont. 422.]

for periods of time aggregating eight years after the right of action accrued and before the commencement of the suit.

It is next urged that the court erred in not submitting to [2] the jury the determination of the amount of attorney's fees which plaintiff was entitled to recover for bringing suit on the note. There is no merit in this contention, for the reason that the answer did not raise an issue as to whether or not $75 was a reasonable fee, the only denial therein being that $100 is a reasonable fee for the institution of this action. In the case of *James* v. *McPhee,* 9 Colo. 486, 13 Pac. 535, referring to a denial similar in effect to this one, the court said: "It is pregnant with the substantial admission of the allegation, the letter of which it alone denies." In *Marsters* v. *Lash,* 61 Cal. 622, it is held: "Such denials are evasive and in fact no denials at all."

In *Lynd* v. *Picket,* 7 Minn. 184 (Gil. 128), 82 Am. Dec. 79, the court, in passing upon the sufficiency of a denial like the one under consideration, said: "Where a party would controvert an allegation of value, he must allege that the article is of no value, or of the value as he claims it to be. Under such an allegation as this, the value might be one cent less than alleged in the complaint, and yet the answer would be literally true."

The same rule as to such denials is laid down by the following authorities: *Power* v. *Gum,* 6 Mont. 5, 9 Pac. 575; *Scovill* v. *Barney,* 4 Or. 289; *Welch* v. *Bigger,* 24 Idaho, 169, 133 Pac. 381; *Ronning* v. *Way,* 18 Cal. App. 527, 123 Pac. 615; *Conway* v. *Clinton,* 1 Utah, 215; *Dillon* v. *Spokane County,* 3 Wash. Ter. 498, 17 Pac. 889; Bliss on Code Pleading, sec. 332; Pomeroy's Code Remedies, sec. 509; Sutherland on Code Pleading, sec. 417.

The undisputed facts in the case disclosed that plaintiff's [3] right of action on the note in suit was not barred by the statute, and, there was no issue on the question whether $75 was a reasonable attorney's fee. Therefore there was nothing

in the case to submit to the jury, and the court did not err in directing a verdict in favor of the plaintiff.

We recommend that the judgment and order be affirmed.

PER CURIAM: For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.

· *Affirmed.*